## Moser *against* Miller.

A *father*, in making distribution of his estate, agreed to convey a tract of land to his two sons, in consideration that they would maintain him and pay 1000 pounds to the children of a deceased daughter; and afterwards did convey the same expressly, subject to the maintenance of himself, but not subject to the payment of the 1000 pounds. Held, that a purchaser from the sons held the land discharged from liability for the 1000 pounds.

ERROR to the common pleas of *Schuylkill* county.

This was an action in the case by Emanuel Moser against Jacob Miller.

In the year 1817, Michael Moser the grandfather of plaintiff made a distribution of his property among his children. In making that distribution he entered into an article of agreement, dated in January 1817, with his sons George and Daniel, by which he agreed to convey them certain lands, and by which they agreed to support their parents during their natural lives, and among other things to pay to the children of Michael Moser, their deceased brother, 1000 pounds. By the terms of the agreement a deed was to be made by their father to George and Daniel for the lands allotted to them, upon the delivery of which they agreed to give to their father their bonds, with security if required, for the payment of the 1000 pounds to the children of Michael Moser, their deceased brother. Plaintiff is one of the children of Michael Moser the younger, deceased. In April 1817 the father of George and Daniel Moser delivered to them deeds for the lands allotted to them in fee without reservation, but they gave no bonds for the payment of the 1000 pounds to the children of Michael Moser deceased. In 1817, Jacob Miller, the defendant, a son-in-law of old Michael Moser, exchanged a tract of land that had been allotted to him by his father-in-law, valued at 2100 pounds, with Daniel Moser for his land, allotted to him by his father, valued at 2500 pounds. Defendant immediately took possession of the land he thus got from Daniel, and has occupied it ever since.

Plaintiff contends that the 1000 pounds, agreed by George and Daniel Moser to be paid to the children of young Michael Moser, is a lien upon the land allotted to Daniel Moser, now owned by defendant, and this action is brought to enforce that lien.

The plaintiff gave some proof that Jacob Miller knew that the 1000 pounds were not paid when he purchased the land, and alleged that he had promised to pay, but there was no proof of such promise.

The court below (Blythe, President) was of opinion, and so instructed the jury, that the 1000 pounds was not a lien upon the land

[Moser v. Miller.]

and that the plaintiff was not entitled in any point of view to recover. Verdict accordingly.

*Loeser* and *Bannan*, for the plaintiff in error.   To show that the plaintiff's claim was a lien upon the land, cited, 7 *Serg. & Rawle* 84; 2 *Whart. Rep.* 432, 139; 1 *Rawle* 386; 2 *Penns. Rep.* 417; and that this was the proper form of action, 17 *Serg. & Rawle* 84; 2 *Rawle* 159; 3 *Rawle* 183.

*Potts* and *Parker*, for defendant in error, cited, 7 *Serg. & Rawle* 64.

The opinion of the Court was delivered by

KENNEDY, J.—A decision of the question, whether the claim of the plaintiff be a charge or not upon the land holden by the defendant, will dispose of and determine the whole case.   By the articles of agreement it does not appear to have been the intent of Michael Moser, in giving the land to his son Daniel, to charge it in his hands with the payment of the 1000 pounds or any part thereof, a portion of which the plaintiff claims to recover here; and by the deed of conveyance, made afterwards by the former to the latter, in consummation of whatever had been finally agreed upon between them, it is perfectly manifest that the land, thereby conveyed, is not made liable or subject to the payment of the plaintiff's claim in any way whatever; though made expressly so to the support and maintenance of the grantor and his wife.   In fact, it is admitted by the counsel for the plaintiff, that the land of the defendant is not rendered liable to the payment of the plaintiff's claim, either by the terms of the articles of agreement, nor yet by the deed of conveyance; but it is argued, that according to the parol evidence given on the trial, and especially that of Catherine Kepner, the plaintiff's claim, by the original agreement made between the parties, that is, Michael Moser and his son Daniel, under whom the defendant derives his title to the land, was to be paid *out of the land,* and thereby became chargeable upon it.   But their agreement, whatever it finally was, was then or afterwards reduced to writing; that writing was also deliberately signed, sealed and delivered by them as containing the whole of their agreement, without any clause of the kind being inserted in it; so that the parol evidence relied on goes to contradict, or at least to vary the terms of the written agreement, and is, therefore, inadmissible according to the rule which prohibits the reception of all parol evidence tending to contradict, alter, vary, add to or diminish the written agreement of the parties.   But it is alleged that the parol evidence here only goes to prove a mistake committed on the part of the scrivener in reducing to writing what was actually agreed on by the parties.   It is impossible, however, to give to it any such interpretation; for neither Catherine Kepner, nor any other witness, testifies that the scrivener was directed to insert any such clause in the agreement, or to draw it so as to make the land subject to the payment

VII.—O 2

[Moser v. Miller.]

of the plaintiff's claim: and whatever the scrivener was directed to commit to writing as their agreement, and that alone, without more, must be considered as all that was finally agreed and concluded between them.    Had the scrivener been instructed to insert a clause of the kind, it is manifest that he was perfectly competent to have done so; for he has subjected the land, both in the articles of agreement and the deed of conveyance made afterwards, to the future maintenance and support of Michael Moser and his wife, in terms very appropriate to the purpose, and such as leave no room to doubt their import or design.    Upon a full examination of all the parol evidence, we can perceive no ground for saying that the scrivener committed any mistake in writing either the articles of agreement or the deed of conveyance afterwards.    Besides, the deed must be regarded as containing the last agreement of the parties on the subject, and there is not a particle of evidence tending to show that any thing more than what is contained in it was even spoken of, much less agreed on between the parties at the time of its execution.    The deed of conveyance then, being the last act and agreement of the parties on the subject, must be considered as overruling all previous agreements between them in any way different from this last, and, therefore, be taken as the law by which their rights arising therefrom are to be regulated and governed; and consequently, the land being thereby conveyed to Daniel Moser, and by him again to the defendant, clear of any charge on account of the plaintiff's claim, the plaintiff can have no right to recover against the defendant, as the owner of the land, by reason of any thing contained in either the articles of agreement or the deed of conveyance.

It has, however, been further argued that the parol evidence tended to prove a promise on the part of the defendant to pay at least one half of the amount of the plaintiff's claim; and that the court below erred in directing the jury that there was no evidence of such agreement.    In this direction we also think, that the court was clearly right; for we can perceive no evidence whatever tending to prove any agreement by the defendant, in this respect, that could be considered binding upon him.    In short, we are unable to discover error in any part of the charge of the court to the jury; and therefore affirm the judgment.

Judgment affirmed.