THE MARSHALL COUNTY HIGH SCHOOL COMPANY v. THE IOWA EVANGELICAL SYNOD *et al.*

1. **Conveyance: PAROL CONDITION: EVIDENCE.** It is not competent to ingraft a condition upon a deed absolute in form by parol testimony.

2. —— **TECHNICAL DEFECTS: EQUITY: ESTOPPEL.** Where the stockholders of a company, at one of their meetings, passed a resolution authorizing the sale or disposition of certain real estate held by it to the defendant, and a conveyance thereof was afterward accordingly executed and delivered to him by the president and secretary of the company, of which the stockholders had knowledge, and which was acquiesced in by them for several years, it was *held*, under the circumstances of the present case, that the company were not entitled to a decree in equity (whatever its rights might be in an action of ejectment) re-investing it with the title to the property, on the ground that the president and secretary were not specially authorized or empowered to execute the conveyance.

*Appeal from Marshal District Court.*

FRIDAY, DECEMBER 31.

THIS action was commenced in 1867, and the petition alleges, in substance,—

1. That in October, 1860, the plaintiff was the owner in fee of the property in dispute.

2. That at that date the president and secretary of the plaintiff, without authority, or without sufficient authority, conveyed the property to the defendants.

3. That the conditions on which the conveyance was authorized were never complied with; and, also, that the conditions on which the conveyance was actually made have never been performed. The relief sought is to set aside the conveyance and obtain the property back. The answer denies every material allegation of the petition, except the first one above stated. Upon the testimony, the District Court passed a decree dismissing the petition. Plaintiff appeals.

*Henderson Bros. & Merriman* for the appellant.

*Bradley & Caswell* for the appellee.

DILLON, Ch. J. — I. The property was conveyed to the defendant by the president and secretary of the plaintiff, 1. CONVEYANCE: acting under a resolution of the corporation parol condition: evidence. plaintiff. The deed contains no words making the raising of a $25,000 endowment a condition of the grant. There was no mistake in the deed. It was not intended by either party at the time it was executed that it should contain any such condition.

This is not a bill to correct the deed. It is plain, therefore, that it is incompetent to ingraft such a condition upon the conveyance by parol evidence.

And even if such testimony were proper for this purpose, it is so vague, indefinite and unreliable that it would hardly do to make it the basis of a decree to defeat the deed.

But the plaintiff maintains, that, although the expression of any such condition was designedly omitted from the deed, yet that the procurement of the endowment was not waived, but was to be secured, and that although

no definite time was agreed upon in which to obtain this sum, yet the law would imply a reasonable period, and that eight years is all the time which the defendant could reasonably require.

To which the answer is, that in the opinion of the court the conveyance was made upon no such condition, whether precedent or subsequent, and if so, a failure to procure the endowment would not defeat the grant.

II. It is argued by the plaintiff, however, that the resolution under which alone the plaintiff's officers were authorized to make the deed, only empowered them to execute it on condition that the $25,000 endowment was raised; that in executing it without such condition being complied with, or inserted in the deed, they exceeded their authority, and hence the deed they made is not binding upon the plaintiff.

Without now referring to the immediate knowledge which the stockholders of the plaintiff had of what the officers had done; of the long possession of the defendant, and the equally long acquiesence of the plaintiff, we dispose of this objection, by stating it as the judgment of the court, that, upon the evidence, we are not satisfied that the stockholders ever made the procurement of the $25,000 endowment a condition of the transfer of the property. Undoubtedly the plaintiff expected that the college would be amply endowed, but no such condition of the grant is satisfactorily established.

III. Again, it is claimed that the conveyance was inoperate, because it was executed by the president and 2. —— technical defects: equity. secretary of the plaintiff, and not by the board of trustees.

At a meeting of the stockholders of the plaintiff, a resolution was passed, authorizing a sale or disposition of the property to the defendants. The original resolution, or the record of it, cannot be produced; and the witnesses

differ as to the exact nature thereof. The evidence tends to show that at the same meeting, the president and secretary were authorized to act for the plaintiff, in carrying into effect the contemplated transfer of the property to the defendants.

They acted accordingly, and executed a conveyance. The evidence satisfies us that the stockholders of the plaintiff knew of the deed and by whom it was executed, and for years acquiesced in, if, in fact, they did not ratify, the transaction.

There is nothing in the record before us to show that the president and secretary were not the proper officers to make the conveyance.

But whatever might be the force of this objection, if made in an action of ejectment, brought by the defendant, based upon the technical regularity of the deed, it is manifest that the plaintiff has no equity, arising out of his supposed defect, to a decree that it owns and ought to be re-invested with the property.

Every ground for relief put forth in the petition has been examined in the light of the voluminous and contradictory evidence, and it is the judgment of this court, that the decree below was correct. It is, therefore,

Affirmed.