PARIS GROCER COMPANY ET AL. v. W. H. BURKS ET AL.

No. 1728. Decided November 13, 1907.

**1.—Unrecorded Deed—Notice—Possession.**

Possession which will operate as notice to attaching creditors of an unrecorded deed from the debtor must be openly, visibly, and unequivocally that of the claimant under such deed. (P. 111.)

**2.—Same—Case Stated.**

A mother, owning and residing on an enclosed tract of seventy-two acres, conveyed eighteen acres thereof to her son, who lived with her, upon a recited consideration of affection; it was surveyed and marked out by stakes, and lay wholly within the general inclosure and partly within an inner enclosure of an alfalfa field; the grantee orally agreed to build and live on the land or to reconvey it; being unable to build he conveyed it back to her on a recited consideration of affection; while this deed remained unrecorded, the mother continuing all the time to occupy the entire premises and use the eighteen acres

as meadow and pasture and her son living with her, his creditors attached the land for his debts. Held that the possession after the reconveyance was not so openly and unequivocally that of the mother as to tax the creditors with notice of the unrecorded deed.   (Pp. 110–112.)

### 3.—Same—Cases Discussed, Distinguished, etc.

Mainwarring v. Templeman, 51 Texas, 205, distinguished. Eylar v. Eylar, 60 Texas, 315; Heidenheimer v. Stewart, 65 Texas, 321; Graves v. Kinney, 95 Texas, 210; Smith v. Montes, 11 Texas, 25; Harn v. Smith, 79 Texas, 313, discussed.   (P. 112.)

### 4.—Deed—Consideration—Vendor's Lien.

A parol promise to reconvey in case of failure to build and live on land conveyed to the promissor as a gift could not be taken as a part of the consideration or as giving rise to a vendor's lien to secure the performance of such undertaking.   Rainey v. Chambers, 56 Texas, 17; White v. Street, 67 Texas, 177; Mayer v. Swift, 73 Texas, 370, distinguished. (Pp. 112, 113.)

### 5.—Deed—Parol Condition.

A parol condition of defeasance can not be engrafted on an unconditional conveyance, to the prejudice of purchasers from or attaching creditors of the grantee.   (Pp. 113, 114.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Red River County.

The appellants, Paris Grocer Co. et al., on affirmance of the judgment below by the Court of Civil Appeals, obtained writ of error.

*Lennox & Lennox,* for plaintiffs in error.—If I. H. Burks was in the actual possession at the time the property was attached, it was not such possession as would put an attaching creditor of W. H. Burks on notice of the unrecorded deed, because she was occupying it jointly with him at the time and had continuously remained in possession since the execution by her of the deed to him, without any apparent change in the manner of its use.   Rev. Stats. (1895), art. 213, 4640, 4642, 4669; Pucket v. Reed, 22 S. W. Rep., 516; Eylar v. Eylar, 60 Texas, 315; Smith v. Miller, 63 Texas, 75; Hurt v. Cooper, 63 Texas, 366; Love v. Breedlove, 75 Texas, 649; Eastman v. Hunter, 86 S. W. Rep., 324; Grace v. Wade, 45 Texas, 529; Franks' Bankrupt Law (1898), sec. 67, sub. C (3) and F, pp. 163, 167; Wade on Notice, secs. 290, 291, 302, 305; Devlin on Deeds (2d ed.), sec. 761, 763, 769, and notes; Newhall v. Pierce, 5 Pick., 450; Loughridge v. Bowland, 52 Miss., 546; McFadden v. Worthington, 45 Ill., 362; Guiteau v. Wisely, 47 Ill., 433.

I. H. Burks having segregated this tract from the home place by her deed to W. H. Burks, the fact that it continued to remain in the same inclosure, unoccupied by him, would not impute to the Paris Grocer Company notice or knowledge of her actual and exclusive possession, because she and W. H. Burks were residing together on the adjoining tract and it was not shown that she exercised such notorious, open, exclusive, separate, distinct and adverse possession of this as would have put an ordinarily prudent person upon inquiry. Pucket v. Reed, 22 S. W. Rep., 516; Wright v. Lassiter, 71 Texas,

641; Evans v. Templeton, 69 Texas, 377; Phoenix Ins. Co. v. Neal, 56 S. W. Rep., 93; Wade on Notice, secs. 290, 291, 302; Devlin on Deeds, secs. 763, 769.

Where a creditor, at the time of levying an attachment on his debtor's land, had no notice of a prior unrecorded deed conveying it, he acquires a superior title to an unregistered purchaser. Bowen v. Laning Wagon Works, 91 Texas, 385; Robertson v. McClay, 19 Texas Civ. App., 515; Thomson v. Shackelford, 6 Texas Civ. App., 126; McKeen v. Sultenfuss, 61 Texas, 325.

No mutual mistake having been shown, the parol evidence, as to the verbal agreement, was inadmissible and should have been excluded, because it tended to convert an estate created by deed absolute in form and legal effect into one resting upon and dependent on conditions. Byars v. Byars, 11 Texas Civ. App., 567; East Line R. R. Co. v. Garrett, 52 Texas, 138; Galveston, H. & S. A. Ry. Co. v. Pfeuffer, 56 Texas, 67; Kahn v. Kahn, 94 Texas, 116; Pickett v. Mercer, 80 S. W. Rep., 287.

To permit, if at all, a parol agreement to be ingrafted upon a written instrument without showing mutual mistake, it must appear by clear and satisfactory evidence that it was made at the time and entered into and understood by both parties to be a part of the consideration for its execution. Moore v. Giesecke, 76 Texas, 546; Waco Tap. R. R. Co. v. Shirley, 45 Texas, 377; Pickett v. Mercer, 80 S. W. Rep., 287.

The deed appearing upon its face to be complete and the verbal agreement having knowingly and intentionally been omitted therefrom and never intended to be included therein, it was not admissible to show by parol evidence such agreement to be a part thereof, because it was not alleged and shown that its appearance of completeness was the result of fraud, accident or mistake. Willis v. Byars, 2 Texas Civ. App., 136; Belcher v. Mulhall & Scaling, 57 Texas, 18; Rubrecht v. Powers, 1 Texas Civ. App., 284; Heffron v. Cunningham, 76 Texas, 319.

The deed to W. H. Burks vested and was intended to vest the absolute, unconditional title in him; and the grantor's remedy, if any, for breach of the verbal agreement, whether it was made contemporaneous with the execution of the deed or prior thereto, lay in damages, and the reconveyance was, therefore, without valuable consideration and void as to existing creditors. Moore v. Cross, 87 Texas, 561; Mayer v. Swift, 73 Texas, 369; Chicago, T. & M. Ry. v. Titterington, 84 Texas, 223; Budd v. Atkinson, 30 N. J. Eq., 530; Susong v. Williams, 1 Heisk., 625.

*A. L. Beaty,* for defendants in error.—Parol evidence was admissible to vary the terms of the deed from Mrs. Burks to her son, because: (1) the controversy was not between them but between Mrs. Burks and a third party and the parol agreement had been fully carried out by a written reconveyance before the rights of the third party accrued. 21 Am. & Eng. Enc. Law, 1103, 1104; Carmack v. Drum, 73 Pac. Rep., 377; Myers v. Taylor, 64 S. W. Rep., 719; Clerihew v. West Side Bank, 52 N. W. Rep., 967; Crockett v. Miller, 96 N. W.

Rep., 491; Marks v. Hardy, 78 S. W. 864; Olmstead v. Oregon S. L. Ry. Co., 76 Pac. Rep., 557; McMaster v. Ins. Co. of N. A., 55 N. Y., 222; Hart v. Meredith, 65 S. W. Rep., 507; Johnson v. Portwood, 89 Texas, 249, citing McMaster case; (2) the same would be true if the reconveyance had not been made and Mrs. Burks stood on the executory parol agreement, for, since the attaching creditor would not be bound by written stipulations at variance with the actual agreement, neither is she; the attaching creditor has not such privity as will cut off her right to show the real transaction when the other party to it does not object. Hart v. Meredith, 65 S. W. Rep., 507; Myers v. Taylor (Tenn.), 64 S. W. Rep., 719; Bell v. Beazley, 45 S. W. Rep., 401; and (3) so much of the parol agreement as consisted of the promise of the son to build and reside on the property was a consideration of the conveyance and, although contractual and in conflict with recitals which were not contractual, it was not in conflict with the written covenants contained in the deed. Womack v. Wamble (Texas), 27 S. W. Rep., 154; Johnson v. Elmen, 94 Texas, 168; Ross v. Kornrumpf, 64 Texas, 390; Hood v. De-Cordova, 92 Texas, 205.

The equities of Mrs. Burks growing out of the fact that the consideration of her deed to W. H. Burks was that he would build and reside on the land, near her door, so as to be a protection, and that it was verbally agreed that if he failed to do so the land should revert and be reconveyed, were not within the registration laws of this State. Long v. Fields, 71 S. W. Rep., 774; Hawkins v. Willard, 38 S. W. Rep., 365; Michael v. Knapp, 4 Texas Civ. App., 467; Aycock v. Kimbrough, 71 Texas, 330; Orme v. Roberts, 33 Texas, 768; Senter v. Lambeth, 59 Texas, 259; Blankenship v. Douglas, 26 Texas, 227; Parker v. Coop, 60 Texas, 111; McKamey v. Thorp, 61 Texas, 651.

The possession held by Mrs. Burks was sufficient notice of her title. Collum v. Sanger, 82 S. W. Rep., 459; Jinks v. Moppin, 80 S. W. Rep., 391; Derrett v. Britton, 35 Texas Civ. App., 485; Mullins v. Wimberly, 50 Texas, 457; Bumpas v. Zachary, 34 S. W. Rep., 672; Mainwarring v. Templeman, 51 Texas, 205; Duncan v. Matula, 26 S. W. Rep., 638; Smith v. James, 54 S. W. Rep., 42; LeDoux v. Johnson, 23 S. W. Rep., 902. See also pertinent observations in Watson v. Murray, 16 S. W. Rep., 296; Wyatt v. Elam, 68 Am. Dec., 518, and 23 Am. & Eng. Enc. Law, 504.

The doctrine of Eylar v. Eylar and Eastman v. Hunter, is one of estoppel, which can not be invoked by a mere creditor who has attached, and it was so adjudged in Raminez v. Smith, 94 Texas, 191; Hawley v. Greer, 17 S. W. Rep., 916; Long v. Fields, 71 S. W. Rep., 774; and Jinks v. Moppin, 80 S. W. Rep., 391. Indeed, the very rule was attempted to be applied, but was denied by the court, in cases similar, except that creditors stood in the place of purchasers. Blankenship v. Douglas, 26 Texas, 227; Parker v. Coop, 60 Texas, 111; McKamey v. Thorp, 61 Texas, 651; Ross v. Kornrumpf, 64 Texas, 390; Aycock v. Kimbrough, 71 Texas, 330.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

A full statement of the character of this litigation will be found in the opinion of the Court of Civil Appeals, 17th Texas Court Reporter, 892. As the questions raised by the application for a writ of error relate only to the controversy concerning the tract of eighteen acres of land referred to below, the statement here will be confined to the facts on which those questions depend.

Mrs. I. H. Burks was the owner of a tract of seventy-two acres of land which she occupied as a home. For the eighteen acre tract now in controversy, originally a part of the first named tract, she executed to her son, W. H. Burks, a deed dated May 20, 1902, and recorded June 9, 1902. The consideration recited in this deed was one dollar and love and affection, but it was alleged and proved that at the time of its execution the grantee orally agreed to build and live on the land so conveyed and that, if he should fail to do so, he would reconvey it to Mrs. Burks. Not having performed this agreement and being unable to do so, W. H. Burks, in accordance with it, reconveyed to his mother by deed dated March 30, 1903, and reciting as its consideration the sum of one dollar and love and affection. This deed was not recorded until February 3, 1904. The Paris Grocer Company and Sheldon, its trustee in bankruptcy, seek, in this case, to subject this tract to the lien of an attachment against W. H. Burks which, at the suit of the Grocer Company, was fixed upon it January 20, 1904. The Grocer Company before it levied the writ had no notice of the unrecorded deed from W. H. Burks to his mother, unless there was such possession by her as, in law, constituted notice. Prior to the conveyance by Mrs. Burks to her son the seventy-two acres were and yet are enclosed by a fence. In the southeast corner there was an inside enclosure planted with alfalfa which, from time to time, was cut and used by Mrs. Burks. Before making the deed to her son and preparatory to it, she caused the eighteen acre tract in controversy upon the eastern side of the large tract to be surveyed and its lines to be marked with stakes, the line dividing it from the remainder of the tract from which it was taken running through the inner enclosure so as to leave a part of it and of the fences enclosing it on the land conveyed to her son and a part on that retained by her. She continuously used the whole of this enclosure up to the time of the levy without change in such use, except that during the year immediately preceding the levy she discontinued the cutting of the alfalfa and used the land as a pasture. During the same period she also used the remainder of the eighteen acres in connection with her home as a pasture. None of her houses or other improvements except the fences referred to were ever on the tract in controversy. From the autumn of 1903 down to the time of trial W. H. Burks lived with his mother in her home, except for a time in the summer of 1904 after the attachment was levied. There is a contention between the parties as to the fact last stated, but the uncontradicted evidence in the record shows it to be as stated.

That the lien of the attachment must prevail over the unrecorded deed, unless the creditor, prior to the levy, had notice of such deed, is a proposition put beyond all question by the decisions of this court. The right of the creditor is purely statutory and requires nothing

but the concurrence of the conditions required by the statute to make it complete. The statute by its terms makes void the unrecorded deed as against "all creditors," but the courts hold this to mean all creditors who have acquired liens without notice of the deed. When these elements exist the right of the creditor is perfect in law and no considerations of equity or questions of estoppel enter into the case. It is wholly immaterial whether the creditor has ever examined the records as to the title of his debtor or not, since a deed of the property executed by the latter is, by the statute, made void as against the lien of the former unless he is affected with notice. It is equally well settled, however, that an open, exclusive and visible possession maintained by the holder of the unrecorded deed when the right of the creditor attaches is notice of the right under which it is held. This is so for the reason that one who seeks to acquire an interest in or with respect to land is expected, in the exercise of common prudence, to learn of a possession held by others than him whose rights he purposes to acquire, and to make inquiry of the possessor as to the nature of the claim under which he holds. Watkins v. Edwards, 23 Texas, 443; Mullins v. Wimberly, 50 Texas, 464. Having such opportunities, of which prudence dictates that he shall avail himself, one who has omitted to do so will not be heard to deny that he had notice of a fact of the existence of which he was thus put upon inquiry. But the fundamental fact essential to the application of this doctrine is that of a possession visibly that of someone who is not the person with whom the purchaser or creditor purposes to deal. He is not required to institute inquiries as to the existence of rights of which there is no evidence upon the records, unless there be some fact which he knows or should know sufficient to excite inquiry in the minds of prudent persons. A possession openly that of one other than his debtor or vendor is such a fact, but is a possession sufficient which does not appear to be that of a third person? The reason upon which the doctrine is founded does not warrant an affirmative answer. The authorities lay it down that the possession must be open and visible and unequivocal, meaning that it must be openly, visibly and unequivocally that of the claimant under the unrecorded instrument. Now it is true that the evidence adduced at the trial develops that Mrs. Burks had possession of the eighteen acres at the time of the levy, but it is not true that such possession was so held and exercised that it appeared to be hers rather than that of W. H. Burks. She did not reside on it and had no tenant on it. She used it in connection with the tract on which she did reside, but it must not be forgotten that by the deed she had severed it and the parts of the fence which were on it from her own tract, and made it a separate tract belonging to her son. His situation with reference to it was such as to have enabled him to put it to the use shown to have been made of it. That use, apparently, was only such as might as well have been attributed by an observer to him as to her. Nothing in it would have been suggested to one having no other knowledge that it was hers rather than his. As we have said, the creditor was not bound to make inquiry to find out a claim other than that of the debtor in the absence of such a possession as pointed to a third person

as the possessor, and for this purpose the use of the land under the
circumstances shown was, in our opinion, clearly insufficient. Wade
on Notice, sec. 291.

We are not holding that Mrs. Burks and her son were jointly
possession either of her home or, after the reconveyance, of the
tract in controversy. When the facts are all developed the possession
appears to have been legally hers; but those facts were unknown to
the creditor and the possession was not held in such a way as in itself
to show that it was hers. Nor do we lay down any doctrine incon-
sistent with the decision in Mainwarring v. Templeman, 51 Texas,
205, which holds that where the owner of land on which he has a
tenant, conveys to another to whom the tenant attorns, no other
change of possession is necessary to give notice of the title of the
purchaser. There was no uncertainty as to the possession in that
case, the tenant openly and unequivocally living on the land and
holding for his landlord.

In the case of Eylar v. Eylar, 60 Texas, 315, it is held that con-
tinued possession by a grantor after he has conveyed the land pos-
sessed is no notice of an unrecorded claim of his inconsistent with
that of his grantee. That decision does not, as contended by the de-
fendant in error, state merely a doctrine of estoppel in favor of a
purchaser, as some other cases somewhat like it do (Heidenheimer v.
Stewart, 65 Texas, 321; Graves v. Kinney, 95 Texas, 210); but lays
down a rule as to the effect of possession as notice under circumstances
such as there existed; and we think no sound reason could be given
for holding that a possession which was not notice to a purchaser
would be notice to a creditor when both take their rights under the
same statute. We do not, however, rest our present decision upon the
Eylar case and others which follow it. Difficulties arise in the ap-
plication of its doctrine in cases like this, where the claim of the
possessor does not arise out of a secret understanding or reservation
characterizing the transaction in which he apparently conveyed his
entire title, but out of a reconveyance taking place with a considerable
interval of time between it and that relied on as a divestiture of his
title and possession. Whether the rule laid down in the case referred
to applies in cases like this, at all, and if so, whether the fact that
a person in possession has executed a conveyance of the land possessed
is to be held to destroy for all time the effect of such possession as
notice, we deem it unnecessary at this time to determine. Smith v.
Montes, 11 Texas, 25; Harn v. Smith, 79 Texas, 313. We con-
tent ourselves with holding that the possession exercised by Mrs.
Burks in this case was of too uncertain and equivocal a kind to
constitute notice of her unrecorded deed.

Counsel for the defendants in error argue that if the deed be
disregarded, still Mrs. Burks has rights growing out of her original
agreement. with her son which are not subject to the operation of
the statute and which are superior to the plaintiffs' lien. It is true
that the statute operates only against claims dependent on instru-
ments which are required or permitted to be recorded, and rights to
which the law gives rise in certain states of fact and of which it
requires no evidence upon the records or in writing, such as vendor's

liens, certain kinds of trusts, and, perhaps, others that might be instanced, are not postponed to rights of creditors resulting from the mere acquisition of liens by legal process, but we are of the opinion that no right of that character was in Mrs. Burks. Her especial contention is that the promise of her son to build upon and occupy the land constituted the consideration for the conveyance to secure which she had a vendor's lien upon the property conveyed. But a vendor's lien arises only out of a *sale* and is given to secure the purchase money. Without pausing to consider whether or not so indefinite a consideration as that set up could in any case give rise to a lien (see 29 Am. & Eng. Ency. Law, pp. 744-6 and authorities cited), we dispose of this contention by stating the obvious fact that there was not a sale but a gift of this land. If the promise of the grantee was treated by the parties as an essential part of the transaction, which the evidence by no means makes clear, it could only be regarded as being essential as a condition subsequent making the gift a conditional one. The authorities relied on to sustain the claim of a vendor's lien are Rainey v. Chambers, 56 Texas, 17; White v. Street, 67 Texas, 177, and Mayer v. Swift, 73 Texas, 370. In the first case it was held that a lien existed upon land conveyed by a mother to her son, by deed reciting a paid consideration, to secure his agreement to pay a stated sum of money yearly towards her support during her lifetime, which agreement was shown by parol to have been the true consideration for the land.

In the second case there was an exchange of lands. In both, it was held that a vendor's lien existed to secure the rendering of the stipulated consideration. In other words, there were, in effect, sales of the land, for considerations to be rendered in future and the value of those considerations in money was ascertainable.

The third case involved a proceeding to set aside for fraud and imposition a conveyance of her home by an infirm old woman to the defendant in order to obtain a support by him during her life, for which the deed contained a stipulation, and it was expressly said: "The character of the consideration mentioned in the deed makes the remedy by suit to enforce vendor's lien inapplicable, but by no means enables appellant to hold the land without discharging the consideration. The consideration stated in the deed is a charge upon the land which courts of equity may enforce without rescinding the deed." The court also held that the facts would have justified a finding of imposition practiced by the defendant on the plaintiff to authorize a cancellation of the instrument, but that the mere failure of the defendant to support the plaintiff would not justify such a remedy. The proposition last stated was also laid down in Rainey v. Chambers.

It is apparent that these decisions do not sustain the contention that Mrs. Burks had a vendor's lien on the land to secure the performance of her son's promise. Had she at the time of the levy any other right growing out of the oral promise, not expressed in the deed, which she could have enforced against her son and which was not subject to the registration laws? Her deed upon its face was an

unconditional conveyance and passed the title to the land. Whatever may be the nature sought to be ascribed to the claim asserted under the parol evidence, it is in truth an attempt to engraft upon the deed a parol condition. That this can not be done we understand the authorities to hold uniformly. In connection with allegations of fraud, accident or mistake such a stipulation and its nonperformance may be employed in equity as the basis for a cancellation; but the bare effort to use it as in itself furnishing a ground for defeating or qualifying the deed is opposed to the well settled rule that such instruments can not be added to by parol. This can not be evaded by calling the promise the consideration of the deed and invoking the rule often laid down that a consideration different from or in addition to that expressed may be shown. This may be done when such evidence has some legitimate purpose to accomplish in the case, such as to enforce a vendor's lien or a trust, or to show that a conveyance apparently without consideration was really upon a valuable one; but such evidence may not be used to defeat the deed as a conveyance. The evidence introduced here does not tend to show either a lien or a trust, and, as the title which passed by the deed could not be affected by the evidence introduced, it tended to establish no controlling fact. Galveston, H. & S. A. Ry. Co. v. Pfeuffer, 56 Texas, 66; Houston & T. C. Ry. Co. v. McKinney, 55 Texas, 187; East Line & Red River R. R. Co. v. Garrett, 52 Texas, 133; Kahn v. Kahn, 94 Texas, 119; Marshall County High School Co. v. Iowa Evangelical Synod, 28 Ia., 360; Moser v. Miller, 7 Watts, 156; Chapman v. Gordon, 29 Ga., 250.

The reconveyance by the son was a recognition of the moral obligation assumed in receiving the deed from his mother and it may therefore be true that the reconveyance was upon a consideration that would protect it from the attack of the creditor made upon the ground that it was voluntary (Bicocchi v. Casey-Swazey Co., 91 Texas, 271), but Mrs. Burks could not, under the rule of evidence, have shown the parol condition in order to defeat the deed which she had made or to compel a reconveyance. Her legal right to the land therefore depended on the deed from her son, which, as we have seen, does not affect the creditor attaching without notice. That creditor became entitled to insist upon the legal effect of the deed under which the debtor held the land and upon the rule excluding the parol evidence. The evidence as it stands in the record does not sustain the judgment and insofar as it denies to the plaintiffs in error the right to subject the eighteen acres to their attachment it will be reversed and the cause remanded for further trial. As to the other matters the judgment is affirmed.

*Reversed in part, affirmed in part.*