KELLY v. BLAKENEY.  (No. 64–2808.)

(Commission of Appeals of Texas, Section A. June 11, 1919.)

VENDOR AND PURCHASER ⬧228(1)—CONFLICTING SALES—INNOCENT PURCHASER—NOTICE OF CLAIM.

The purchaser of land, on whom a prior purchaser from the same party holding an unrecorded deed served an injunction petition that the prior purchaser and record lessee of the lands was owner of them, bought at his peril where he failed to make full and complete inquiry as to the basis of the claimed title of the other and prior purchaser and lessee.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by J. B. Blakeney against John Kelly. From judgment for plaintiff, defendant appealed to the Court of Appeals, which affirmed (172 S. W. 770), and defendant brings error. Judgments of the trial court and the Court of Civil Appeals reversed, and judgment rendered for defendant on recommendation of the Commission of Appeals.

J. Q. Henry, Jones & Thurmond, and Walter F. Jones, all of Del Rio, for plaintiff in error.

John J. Foster, of Del Rio, and James Cornell, of Sonora, for defendant in error.

TAYLOR, J. J. B. Blakeney sued John Kelly in the ordinary form of trespass to try title to recover 5,120 acres of land. Upon trial without a jury judgment was rendered for the plaintiff. Appeal to the Court of Civil Appeals resulted in an affirmance. 172 S. W. 770.

Juan Antonio Urteaga, the common source, was the owner on June 28, 1909. On that date he leased all of the land except a one-fourth interest in section 54 to the firm of Kelly & Norris for 20 years. The lease contract was duly recorded the next day. At the time the lease was executed the defendant was a member of the lessee's firm.

On July 1, 1913, Urteaga conveyed the land by deed to the defendant. The deed was not recorded until December 3, 1913. Two days before the defendant placed his deed of record the plaintiff, for a consideration of $250, secured a deed to the land from Urteaga and

wife. On the same day, December 3, 1913, he recorded it.

The plaintiff, before buying the land, examined the records of Valverde county, and found only the Kelly-Norris 20-year lease of record as against the Urteaga title. He also employed an attorney to examine the records and ascertain the condition of Urteaga's title in the general land office. The result was that the title appeared to be good in Urteaga with the exception of the Kelly-Norris lease. On the occasion that the plaintiff closed the deal he questioned Urteaga as to his title, who, gave assurance that he had made no conveyance of the land by any instrument other than the lease contract. The defendant during the time plaintiff was carrying on the foregoing negotiations lived about seven miles from the land, but the two were not on speaking terms. Plaintiff made inquiry as to the title of no one except Urteaga.

In November, prior to the purchase of the land by plaintiff in December, defendant filed an injunction suit against plaintiff to restrain him from using 26,240 acres of land, including the land sued for. The injunction petition, the citation, and temporary writ all contained an allegation that John Kelly was the owner of the entire 26,240 acres. The language of the trial court's finding is that "said petition, and said citation and temporary writ, each and all, contained an allegation that the plaintiff in said suit, John Kelly, was the owner of all of said lands." The citation and writ were served upon Blakeney the day the injunction suit was filed.

The conclusion of the trial court's sixth finding of fact is as follows:

"Plaintiff had no notice or knowledge of the deed from Urteaga to Kelly, except that imputed to him as a matter of law from Kelly's possession and use of said lands, unless, as a matter of law, the claim of ownership in the injunction suit placed the burden upon plaintiff of making inquiry direct of Kelly as to what his claim of title to said land consisted of beyond the lease contract of record."

The trial court concluded upon the authority of Hamilton v. Ingram, 13 Tex. Civ. App. 604, 35 S. W. 748, that the plaintiff's discovery of the said lease contract as the only muniment of defendant's title justified the assumption that the lease was the sole basis for the defendant's possession, and that the plaintiff was therefore relieved from the duty of making further inquiry. The court concluded also that defendant's allegation of ownership in the injunction petition created no additional need for inquiry, for the reason that the defendant could recover in the injunction suit on proof of the lease contract, without proving ownership, citing Stokes v. Riley, 29 Tex. Civ. App. 373, 68 S. W. 704, in support of the conclusion.

The Court of Civil Appeals cites Hamilton v. Ingram as supporting the trial court's conclusion. No reference is made to Stokes v. Riley.

The Supreme Court, upon consideration of the application, were inclined to the view that plaintiff in error's allegation in the injunction petition put the defendant in error on inquiry, and in this view granted the writ.

The cases relied upon by the trial court are not applicable for the reason that no actual notice of an adverse claim of absolute ownership was given in either case to the claimant relying upon the record notice.

Granting that the lease to Kelly and Norris could fully explain the possession of John Kelly, it does not follow that such explanation is in no wise affected by Kelly's assertion to Blakeney that he (Kelly) owned the land; nor does the fact that the plaintiff in error could recover in the injunction suit merely by establishing a leasehold in the land raise a presumption that he had no greater interest. The statement served upon the defendant in error is none the less an assertion of ownership because made in an injunction petition. While litigants sometimes overstate their cases, even when the pleadings are verified, as in injunction suits, there is no presumption that they always do, or that the plaintiff in error did so in this instance. A prospective purchaser of land who has opportunity to make full and complete inquiry as to the basis for possession of the person holding under a claim of absolute ownership, and fails to exhaust all of the available means known to him of acquiring knowledge of the title, buys at his peril. Assuredly this is true when he who is in possession served him who is seeking to buy, with a declaration of ownership solemnly made.

It is stated in Paris Grocery Co. v. Burks, 101 Tex. 106, 105 S. W. 174, that—

"He [the intending purchaser] is not required to institute inquiries as to the existence of the rights of which there is no evidence upon the records, *unless there be some fact which he knows or, should know sufficient to excite inquiry in the minds of prudent persons.*" (Italics ours.)

The allegation of absolute ownership made in the injunction petition was certainly sufficient to excite inquiry on the part of a prudent person. If plaintiff in error was not diligent in failing to properly record his deed from Urteaga, he counteracted the effect of his lack of diligence, in so far as it affected the defendant in error, by giving him actual notice of his claim of ownership of the land. Regardless of what the conclusion might be if the notice had not been given, it is evident that defendant in error, having such notice, and having failed to inquire of him who

gave it, could not acquire the land as an innocent purchaser. Houston Oil Co. of Texas v. Hayden, 104 Tex. 181, 135 S. W. 1149.

We are of the opinion, therefore, that the judgments of the trial court and the Court of Civil Appeals should be reversed, and judgment rendered in favor of the plaintiff in error.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.