# D. SULLIVAN & CO. v. SCHREINER et ux. (No. 6396.)

(Court of Civil Appeals of Texas. San Antonio. April 28, 1920. Rehearing Denied May 26, 1920.)

**1. Evidence ⬅➡419(2)—Consideration for deed may be shown by parol.**

The real consideration for the execution of a deed may be shown to be different from that expressed therein by parol testimony, and the admission of such testimony does not depend upon the existence of fraud or mistake.

**2. Evidence ⬅➡441(1)—Parol evidence to contradict, change, or add to written contract, inadmissible.**

The execution of a contract in writing is deemed to set aside all oral agreements theretofore made, and any representation made prior to or contemporaneously with the execution of the contract is inadmissible in the absence of accident, fraud, or mistake of fact to contradict, change, or add to the plain terms.

**3. Evidence ⬅➡442(1)—Parol evidence admissible when contract incomplete.**

If it is apparent from a written contract that it contains only a part of the agreement, oral testimony will be permitted to supply the omission.

**4. Evidence ⬅➡419(1)—Consideration may not be varied by parol if contractual in nature.**

The rule permitting the true consideration of written instruments to be shown by parol does not apply, where the statement in the contract as to the consideration is more than a mere receipt or acknowledgment of payment and is of a contractual nature.

**5. Evidence ⬅➡441(8)—Provision of deed that debts were not released could not be contradicted by parol.**

Where a deed recited that the consideration was a credit on a note and the payment of other debts to a specified amount which were a lien on the property, and further provided that the grantee did not release or change any security it had on other property to secure the balance due on the note or any of the debts of the grantor due it, but that all such other security was specially retained, such provision could not, in the absence of accident, fraud, or mistake, be contradicted by evidence that the grantee agreed to cancel all the grantor's indebtedness, though the evidence was offered under the guise of showing the true consideration.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Action by D. Sullivan & Co. against Charles F. Schreiner and wife. From a judgment for defendants, plaintiff appeals. Reversed and rendered.

Denman, Franklin & McGown, of San Antonio, for appellant.

Ryan & Matlock, of San Antonio, for appellees.

---

FLY, C. J. Appellants sued Charles F. Schreiner and his wife, M. L. Schreiner, to recover on four promissory notes: Two for $1,000 each, dated December 1, 1909, due December 1, 1914; one for $12,500, dated June 4, 1915, payable one year after date; and one for $5,500, dated September 27, 1915, due on September 27, 1916. The first two notes were executed to Gus J. Groos, as well as a trust deed on 182 acres of land to secure same, and the Cowans sold the land to Schreiner, and a vendor's lien was reserved thereon, and they passed into the hands of appellants. The third note named was given to appellants by Charles F. Schreiner and his mother, Louise B. Schreiner, and a deed of trust given on lots in San Antonio and lands in Wilson and Guadalupe counties, to secure it. On that note was a credit of date November 2, 1915, for $3,447.38, and another of date November 21, 1916, for $7,500. It was also alleged that since the filing of the suit appellants had acquired from Emma Camerer a note for $1,000 signed by appellees, secured by trust deed on certain city lots. The answer of appellees sought to defeat the claim of appellants and recover a judgment for themselves in the sum of $1,500 on the allegation in brief that appellants had secured a deed to certain land from appellees in San Antonio at the corner of North Flores and Salinas streets in consideration of the cancellation of all the indebtedness due and to become due by appellees to appellants and the sum of $1,500 in addition which was to be paid to the appellees, although it was recited in the deed from appellees to appellants that the consideration was that $7,500 be credited on the $12,500 note and the additional sum of $3,000 on certain indebtedness due by appellees. The cause was submitted to the jury on six special issues with the injunction that, if the first was answered in the affirmative, no other questions need be answered, to which first question they responded in the affirmative that the consideration for the execution of the deed by appellees to appellants of the North Flores street property was the complete cancellation of all indebtedness by Schreiner to appellants and in addition the payment to Schreiner of $1,500. Upon that answer judgment was rendered in favor of appellees to the effect that the deed be corrected to show the true consideration, that the whole of the indebtedness be canceled and all liens set aside, and that appellees recover of appellants the sum of $1,500 with 6 per cent. interest from November 17, 1916, and all costs.

The petition alleged, and Schreiner swore, that E. J. Altgelt approached him to buy his homestead at the corner of North Flores and Salinas streets in the city of San Antonio, offering on the part of appellants, whom he claimed to represent, that they would, in consideration of a deed to the property, cancel all of his indebtedness to appellants and that they would in addition pay him $1,500 in cash on the trade. It was the claim of Schreiner that appellants employed Altgelt to purchase the property for them and make the offer he made to Schreiner. The latter also testified that Altgelt told him not to say anything about the offer and he would get the money for Schreiner. All of this was denied by Altgelt, and he and D. Sullivan swore positively that Altgelt had no authority from appellants to make such an offer and that Altgelt was not the agent of appellants. Appellants were not informed by appellees of the statements made by Altgelt, and appellants never made any statement to appellees about cancellation of the indebtedness and payment of $1,500 cash, and there was no testimony tending to show that they ever made any such offer to appellees or any one else. If Altgelt made any such offer to appellees, it was made before the deed was executed, and the terms of such agreement were not carried into and made a part of the deed from appellee to appellants. The deed to the North Flores street property is as follows:

"Know all men by these presents: That we, Charles F. Schreiner and M. L. Schreiner, his wife, for and in consideration of the sum of seven thousand, five hundred dollars this day paid by Charles F. Schreiner to D. Sullivan & Company, a partnership composed of Daniel Sullivan and W. C. Sullivan, and by said D. Sullivan & Company credited on a certain promissory note for the sum of twelve thousand five hundred dollars, dated June 4th, 1915, executed by the said Charles F. Schreiner and payable to the order of D. Sullivan & Company, and secured by deed of trust upon the hereinafter described property; and for the further consideration that the said D. Sullivan & Company have paid existing indebtedness of the said Charles F. Schreiner, constituting claims or liens upon said property and aggregating the sum of three thousand dollars, have granted, bargained, sold and conveyed, and do hereby grant, bargain, sell and convey unto the said D. Sullivan & Company, said partnership so composed of the said D. Sullivan and the said W. C. Sullivan, all and singular the following described property and premises situated in the city of San Antonio, Bexar county, Texas, viz.:

"Lots numbers two (2) and three (3) in block 149, described by metes and bounds as follows: * * *

"It is specially understood and agreed, however, that the said D. Sullivan & Company in making said credit upon said note and accepting this conveyance of said premises do not release or change in any way whatsoever any security they may have in and to any other property than the property herein conveyed to secure the balance remaining due upon said note or to secure any of the debt or debts due or to become due by the said Charles F. Schreiner to the said D. Sullivan & Company; but all such other security in whatsoever shape the same may be is specially retained by the said D. Sullivan & Company to secure the bal-

ance due upon said notes hereinbefore described, and any and all other indebtedness of the said Charles F. Schreiner to the said D. Sullivan & Company however said indebtedness may be evidenced.

"Witness our signature this the 17th day of November, 1916.        Charles F. Schreiner.
"M. L. Schreiner."

The only testimony tending in the least to show that Altgelt was the agent of appellants was his statement to appellees that he was authorized by appellants to make the statement that he did to appellees. It is true that appellants suggested that the property be placed in the hands of Altgelt for sale by appellees; but there was no allegation that there was a fraudulent agreement between appellants and Altgelt to obtain a deed by the representations which the appellees swore he made, and the evidence does not tend to show such an agreement.

[1] There was no allegation of fraud or mistake in connection with the execution of the deed, but appellees admitted understanding the recitals of the deed. Appellees admit that there is no proof of fraud or mistake, when they state in their brief:

"The controlling major question in the case was: 'What was the real true consideration for the deed from Schreiner and wife to Sullivan & Co. to the North Flores street property?'"

Again appellees say:

"In other words, the only real important question is, could we by oral testimony, or otherwise, explain and show the true consideration for the deed and the actual agreement of the parties fixing such consideration?"

It is undoubtedly well settled that the real consideration for the execution of a deed may be shown to be different from that expressed therein, by parol testimony, and the admission of such testimony does not depend upon the existence of fraud or mistake. The rule enunciated is based on the ground that proof of the true consideration does not vary, but is consistent with, the terms of the contract, and does not change the rule that a parol agreement cannot be ingrafted upon a written contract, clear in its terms, in the absence of fraud, accident, or mistake, but merely explains a consideration which was not fully expressed in the written contract. So in the case of an instrument which on its face appears to be a deed it may be shown to be a mortgage or a trust. It is also well settled that, while the consideration may be shown by parol, the terms of the written contract cannot be varied.

[2, 3] The execution of a contract in writing is deemed to set aside all oral agreements theretofore made, and any representation made prior to or contemporaneously with the execution of the written contract is inadmissible, in the absence of accident, fraud, or mistake of fact, to contradict, change, or add to the plain terms of the written contract. This rule is founded upon the recognition of the danger and inextricable confusion and untold injury that would result if inferior testimony could be used to alter or destroy a solemn contract in writing entered into by the parties thereto. It follows that when a written instrument on its face purports to be a complete expression of the whole agreement, and contains all the essentials of a complete contract, the presumption arises that every important and material matter connected with the agreement has been incorporated into the writing, and parol evidence is not admissible to vary its terms or add others to it. If, however, it is apparent from the writing that it contains only a part of the agreement, oral testimony will be permitted to supply the omission. 10 Ruling Case Law, p. 1030, § 208 et seq.

[4] The rule permitting the true consideration of written instruments to be the subject of inquiry, through parol testimony, does not apply where the statement in the contract as to the consideration is more than a mere receipt or acknowledgment of payment, and is of a contractual nature. In explanation of this rule it has been held that oral evidence cannot be introduced where it is stated in the conveyance that it is made for the settlement and release of specified claims. Baum v. Lynn, 72 Miss. 932, 18 South. 428, 30 L. R. A. 441; Railway v. Houlihan, 157 Ind. 494, 60 N. E. 943, 54 L. R. A. 787; McNinch v. Thresher Co., 23 Okl. 386, 100 Pac. 524, 138 Am. St. Rep. 803; Diven v. Johnson, 117 Ind. 512, 20 N. E. 428, 3 L. R. A. 308.

In the Mississippi case cited, Mary Irving executed a deed to Mary Grace Lynn, in consideration of the discharge and release of a certain debt due by the vendor to the vendee and $10 in cash, to certain land. Evidence was offered to show that not only was the debt mentioned in the deed to be paid by its execution, but also other debts due the vendee, and it was rejected by the trial court. The Supreme Court of Mississippi said:

"The deed now under examination contains, as is clearly to be seen, no mere recital of a consideration paid or to be paid. Its recital is only of the facts necessary to be stated to intelligently apply the contract of the parties to the subject-matter. Having set out the relationship of debtor and creditor, and the history of the transaction from which it arose, the deed then proceeds to state what the parties agreed, contracted, and did in reference to the dissolution of the relationship. Mrs. Irving did something. She conveyed the land to Mrs. Lynn. Mrs. Lynn did something. She released the debt to Mrs. Irving. One transferred a right; the other released a right. If it be said that the release was a mere recited consideration for the conveyance, it may with equal accuracy be replied that the convey-

ance was a mere recited consideration for the release; and therefore, if one of the terms of the contract may be varied by parol, because it is a consideration, so also may the other for the same reason, and by this process a solemn and executed written contract would be totally eaten away. The true rule is that a consideration recited to have been paid or contracted for may be varied by parol, while the terms of a contract may not be, though the contract they disclose may be the consideration on which the act or obligation of the other party rests. When the stipulation as to consideration becomes contractual, it, like any other written contract, is the exclusive evidence, and cannot be varied by parol."

[5] In the case under consideration, not only did the deed recite the crediting of $7,-500 on a note due by appellees and the payment of other debts amounting to $3,000 which were a lien on the property, but it went further and stated that the execution of the deed was not to affect any lien or other debts held by appellants. It is provided, after reciting payment of $10,500 on the debt:

"It is specially understood and agreed, however, that the said D. Sullivan & Company, in making said credit upon said note and accepting this conveyance of said premises do not release or change in any way whatsoever any security they may have in and to any other property than the property herein conveyed to secure the balance due upon said note or to secure any of the debt or debts due or to become due by the said Charles F. Schreiner to the said D. Sullivan & Company; but all such other security in whatsoever shape the same may be is specially retained by the said D. Sullivan & Company to secure the balance due upon said notes hereinbefore described, and any and all other indebtedness of the said Charles F. Schreiner to the said D. Sullivan & Company however said indebtedness may be evidenced."

In the face of this firm written contract under the guise of showing another consideration for the execution of the deed, parol evidence was introduced that there were no other liens, no other debts, but all had been paid by the deed. The evidence had the effect of destroying the contract evidenced by the deed and creating another based on the oral testimony of appellees. To sustain such action would destroy the force and effect of written contracts made with the full knowledge and assent of the parties, and free from accident, mistake, or fraud, and consequently cannot be permitted. Railway v. Garrett, 52 Tex. 133; Railway v. Pfeuffer, 56 Tex. 66; Coverdill v. Seymour, 94 Tex. 1, 57 S. W. 37; Kahn v. Kahn, 94 Tex. 114, 58 S. W. 825; Paris Grocer Co. v. Burks, 101 Tex. 106, 105 S. W. 174. As said in the last case cited:

"Whatever may be the nature sought to be ascribed to the claim asserted under the parol evidence, it is in truth an attempt to ingraft upon the deed a parol condition. That this cannot be done we understand the authorities to hold uniformly. In connection with allegations of fraud, accident or mistake such a stipulation and its nonperformance may be employed in equity as the basis for a cancellation; but the bare effort to use it as in itself furnishing a ground for defeating or qualifying the deed is opposed to the well-settled rule that such instruments cannot be added to by parol. This cannot be evaded by calling the promise the consideration of the deed and invoking the rule often laid down that a consideration different from or in addition to that expressed may be shown."

The contract evidenced by the deed is on its face complete, not indicating that something not embraced therein had been agreed to by the parties. In no instance have we seen any case under such circumstances permitting such instrument to be varied by parol, even though proposed under the guise of showing the true consideration. In the case of Railway v. Jones, 82 Tex. 156, 17 S. W. 534, which we are told by appellees "is almost on all fours with this," it is stated in no uncertain terms that—

"It is clearly to be inferred from the instrument of writing executed at the same time the deed was executed that these instruments did not evidence the entire contract or all the contracts entered into between the parties"— and on that ground parol proof was admitted.

So in the later case of Warehouse Co. v. Davis, 108 Tex. 422, 195 S. W. 184, the rule is thus stated by a majority of the court:

"The general rule is that parol testimony cannot be received to contradict, vary, add to or subtract from the terms of a valid written contract. But one of the exceptions to the general rule is, that if the written instrument itself shows to be either ambiguous or incomplete parol testimony is admissible to show what the real contract was to the extent necessary to remove the ambiguity, and to make the contract complete in its terms which show to be incomplete."

To the same effect are all the cases cited by appellees, notably the case of Chapman v. Witherspoon, 192 S. W. 281, in which is copied and approved the declaration by Chamberlayne in his work on evidence that—

"Evidence of a prior or contemporaneous parol agreement or understanding is frequently received, where it is consistent with the writing in question, and it is apparent that the instrument was not intended as a complete embodiment of the undertaking."

In the present case, not only was the parol evidence inconsistent and irreconcilable with the terms of the written contract, but that contract was complete and bore on its face evidence that it was intended to embody and contain the whole contract.

The judgment of the lower court is reversed, and judgment here rendered that appellants recover of appellees the sums of

money prayed for by appellant, with interest and attorney's fees, with foreclosure of the liens described and all costs in this behalf expended.

(May 6, 1920.)

The evidence showing that the 182 acres of land described in the pleadings as the "Schreiner ranch" was the homestead of Schreiner and wife at the time it was sought to place a lien on it, to secure the notes, one for $12,500 and the other for $5,500, it was not the intention of this court, although not clearly expressed in its decision heretofore rendered, to foreclose a lien on said homestead as security for such notes, but the vendor's lien alone was intended to be foreclosed on said property to secure the notes originally given to Gus J. Groos and described as the Chandler notes. The judgment has been rendered and recorded as herein indicated.