HOWARD et ux. v. LEONARD.

No. 11461.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 17, 1945.

Oliver W. Johnson, of San Antonio, for plaintiffs.

Emmett B. Cocke and Arnold & Cozby, all of San Antonio, for defendant.

MURRAY, Justice.

This suit was instituted in the District Court of Bexar County by Willie Howard and wife, Ivory Howard, against P. T. Leonard seeking, in a trespass to try title suit, to recover the title and possession of Lots 1 and 8 in Block No. 3, City Block No. 1350, situated within the corporate limits of the City of San Antonio.

The trial court, sitting without a jury, rendered judgment awarding Lot 1 to defendant, P. T. Leonard, and Lot 8 to plaintiffs, Willie Howard and wife. From this judgment both plaintiffs and defendant have appealed.

The common source of title is Clifton L. Brewer and wife, Marjorie E. Brewer. The plaintiffs claimed title by virtue of a deed to the lots from the Brewers, while the defendant claimed title by virtue of being a purchaser at an execution sale.

The trial judge made the following findings of facts, to-wit:

"On December 21st, 1943, Clifton L. Brewer and wife, Marjorie E. Brewer, by general warranty deed, legally acknowledged and delivered, conveyed to the plaintiffs, the two lots described in their petition, for a cash consideration of $200.00 and the assumption of the taxes due thereon, and it was filed for record in the office of the county clerk of Bexar County, Texas, at 12:11 o'clock P. M. of April 3, 1944, and was recorded at 9:55 o'clock A. M. of April 12th, 1944. The lots abut each other, number 8 fronting on Blue Bonnet street, and 1 fronting on the street to the north. Around Christmas, 1943, the plaintiffs, who lived near these lots, built a chicken coop or house on lot 8 of the following dimensions: 9x8, and placed some wood and kindling thereon, but never at any time lived on or occupied the lots or either of them. On Feb. 7, 1944, plaintiffs paid $1.14 as state and county taxes on said lots for the year 1943. On the same day the plaintiffs assessed the property for state and county taxes. On March 7, 1944, the plaintiffs secured from the city of San Antonio a permit a enclose the lots with used lumber and wire. There was no evidence, other than the foregoing, of actual or constructive possession of the property by any one, or of ownership thereof by the plaintiffs. On January 5, 1944, Emmett B. Cocke recovered a judgment against Clifton L. Brewer for $194.30 plus interest, and at 12:04 P. M. of that same day filed in the office of the county clerk of Bexar County a correctly prepared and duly certified abstract of said judgment which was recorded by said county clerk at 12:20 o'clock P. M. the same day. Said abstract gave all the information required by the statute, was in conformity thereto, and was properly and legally indexed. On Jan. 26, 1944, an order of sale and execution, in due and legal form and authenticity was issued on said judgment for $194.30 and interest and costs, and acting thereunder Owen W. Kilday, Sheriff of Bexar County, made a levy on

the lots involved herein, and after due and legal notice thereof as by law required made public sale thereof at 'the time, place and in the manner required by law, and the defendant, Leonard, bought the property and received from said sheriff a deed dated Apr. 4, 1944, having paid his bid. Emmett B. Cocke nor the defendant had any actual knowledge of the said deed which is dated Dec. 21, 1943, in favor of plaintiffs, at the time their respective rights attached to the lots, nor did they have any constructive notice of plaintiffs' claims or ownership except as above stated."

█ It is clear that the deed was not recorded until after the abstract of judgment lien had attached, and the trial court having found that neither Cocke, the holder of the judgment, nor Leonard, the purchaser at the Sheriff's sale, had any actual knowledge of such unrecorded deed, Leonard would be entitled to recover the title and possession of both lots, unless the Howards at the time the abstract of judgment was filed held open, exclusive and visible possession of the lots. Paris Grocer Co. v. Burks, 101 Tex. 106, 105 S.W. 174. There is no contention that the Howards held any such possession of said Lot 1, and the trial court properly awarded that lot to Leonard.

█ The only evidence of any possession by the Howards as to Lot 8 is: "Around Christmas, 1943, the plaintiffs, who lived near these lots, built a chicken coop or house on lot 8 of the following dimensions: 9x8, and placed some wood and kindling thereon, but never at any time lived on or occupied the lots or either of them."

This evidence is insufficient to put a purchaser at an execution sale on notice of plaintiffs' claim of title to the lots.

What was said by the Supreme Court in Paris Grocer Co. v. Burks, 101 Tex. 106, 105 S.W. 174, 175, applies here:

"The statute by its terms makes void the unrecorded deed as against 'all creditors,' but the courts hold this to mean all creditors who have acquired liens without notice of the deed. When these elements exist the right of the creditor is perfect in law, and no considerations of equity or questions of estoppel enter into the case. It is wholly immaterial whether the creditor has ever examined the records as to the title of his debtor or not, since a deed of the property executed by the latter is by the statute made void as against the lien of the former, unless he is affected with notice. It is equally well settled, however, that an open, exclusive, and visible possession, maintained by the holder of the unrecorded deed when the right of the creditor attaches, is notice of the right under which it is held. This is so, for the reason that one who seeks to acquire an interest in or with respect to land is expected, in the exercise of common prudence, to learn of a possession held by others than him whose rights he purposes to acquire, and to make inquiry of the possessor as to the nature of the claim under which he holds. Watkins v. Edwards, 23 Tex. 443; Mullins v. Wimberly, 50 Tex. [457], 464. Having such opportunities of which prudence dictates that he shall avail himself, one who has omitted to do so will not be heard to deny that he had notice of a fact of the existence of which he was thus put upon inquiry. But the fundamental fact essential to the application of this doctrine is that if a possession visibly that of some one who is not the person with whom the purchaser or creditor purposes to deal. He is not required to institute inquiries as to the existence of rights of which there is no evidence upon the records, unless there be some fact which he knows or should know sufficient to excite inquiry in the minds of prudent persons. A possession openly that of one other than his debtor or vendor is such a fact; but is a possession sufficient which does not appear to be that of a third person? The reason upon which the doctrine is founded does not warrant an affirmative answer. The authorities lay it down that the possession must be open and visible and unequivocal, meaning that it must be openly, visibly, and unequivocally that of the claimant under the unrecorded instrument. Now, it is true that the evidence adduced at the trial develops that Mrs. Burks had possession of the 18 acres at the time of the levy; but it is not true that such possession was so held and exercised that it appeared to be hers, rather than that of W. H. Burks. She did not reside on it and had no tenant on it. She used it in connection with the tract on which she did reside; but it must not be forgotten that by the deed she had severed it and the parts of the fence which were on it from her own tract, and made it a separate tract belonging to her son. His situation with reference to it was such as to have enabled him to put it to the use shown to have been made of it. That

use, apparently, was only such as might as well have been attributed by an observer to him as to her. Nothing in it would have been suggested to one having no other knowledge that it was hers, rather than his. As we have said, the creditor was not bound to make inquiry to find out a claim other than that of the debtor, in the absence of such a possession as pointed to a third person as the possessor, and for this purpose the use of the land under the circumstances shown was, in our opinion, clearly insufficient. Wade on Notice, § 291."

That part of the judgment which awarded Lot 1 to Leonard will be affirmed, but that part of the judgment that awarded Lot 8 to plaintiffs will be reversed and judgment here rendered awarding said Lot 8 to the defendant below, P. T. Leonard.

Affirmed in part.

Reversed and rendered in part.