FRANK HAMILTON v. MOLLIE F. INGRAM ET AL.

No. 1387.

1. Judgment—Fraud—Notice—Collateral Attack.

A suit in trespass to try title, brought by a former owner of land against a purchaser from one who had recovered it by suit from plaintiff, in which action such vendor is also made a defendant and the former judgment sought to be attacked for fraud of which such vendee had notice, is maintainable and not subject to the objection that it is a collateral attack upon the judgment.

2. Notice of Title by Possession—Tenant—Fraud in Lease.

Possession of land by one who holds under a recorded lease is not notice of a title in the possessor other than under such lease; and the effect of the lease in qualify-

ing the notice implied from the holder's possession is not destroyed by the fact that its acceptance was obtained by fraud unless the person sought to be taxed with notice is shown to have had knowledge of such fraud.

APPEAL from District Court of McLennan County. Tried below before Hon. J. E. BOYNTON, Special District Judge.

The numerous assignments of error passed on by the court without particular discussion involve, in different forms, the assertion that the suit was not maintainable because it was a collateral attack upon the judgment in question, or complain of the insufficiency of the evidence.

*Robertson & Davis*, for appellant.—In a suit of trespass to try title, if a link in plaintiff's title is a final judgment of a court of competent jurisdiction between the same parties or their privies, said judgment can not be questioned in said suit; but to attack the same, a separate suit must be brought for that very purpose, and none other.

Judgment obtained by fraud is not, for that reason, subject to a collateral attack. It must be by direct proceeding for that purpose. Fraud, in procuring judgment, does not render it void, but it can be set aside in a proper proceeding, in a proper manner and within a proper time. 1 Black on Judgments, sec. 252; Murchison v. White, 54 Texas, 78; Fleming v. Seeligson, 57 Texas, 525; Odle v. Frost, 59 Texas, 684; Rutherford v. Stamper, 60 Texas, 447; Mikeska v. Blum, 63 Texas, 44; Freeman v. McAnnich, 27 S. W. Rep., 97.

The court erred in refusing, after both parties had rested, to strike out all evidence in the case opening up in any way the judgment in Freeman v. Gerald. Same authorities; also the following: Withers v. Patterson, 27 Texas, 492; Gillenwaters v. Scott, 62 Texas, 673; Martin v. Robinson, 67 Texas, 368; Gibson v. Brown, 24 S. W. Rep., 574.

Even if Freeman and wife had practiced a fraud and the final judgment could be attacked as between them and the defendants, yet Frank Hamilton would take a good title unless notice was brought to him of the fraud of his vendors in some of the ways provided by law. On collateral attack same authorities as under first two assignments of error. On occupancy being notice, see, Eylar v. Eylar, 60 Texas, 315; Watkins v. Sproull, 28 S. W. Rep., 356.

When an attack is made on a final judgment in a suit of trespass to try title, for a cause de hors the record, and the plaintiff in said suit had no knowledge of said cause of attack before he purchased under said judgment, said cause cannot affect him. Hamilton, the plaintiff, had no notice of anything affecting said final judgment, which was a link in his claim of title, nothing in the record bringing notice to him. Mrs. Ingram was in possession when he purchased, but held under a recorded lease and another lease not recorded. Eylar v. Eylar, 60 Texas, 315; Watkins v. Sproull, 28 S. W. Rep., 356; Freeman v. McAnnich, 27 S. W. Rep., 97. See also authorities under first two assignments.

The court erred in that part of its charge in which it says that ordi-

nary possession of land is notice to all the world of the claim of the party in possession, and in charging the jury that if the lease obtained by the Freemans from defendant, Ingram, was obtained by fraud, then she was not a tenant of Freeman's, so as not to make her possession available to her as notice to Frank Hamilton.

The court erred in qualifying the tenancy of the Ingrams by the following language: "Unless you find tenancy, if any, after the expiration of the lease had been repudiated prior to the date of the plaintiff's purchase and notice of said repudiation given to said Freeman." Because said qualification of the prior claim in the charge was improper; unless such repudiation had been brought to the knowledge of Frank Hamilton before his purchase, it could not avail the defendants herein. Eylar v. Eylar, 60 Texas, 315; Watkins v. Sproull, 28 S. W. Rep., 356.

On question of negligence of Mrs. Ingram in signing leases and how such negligence affects her and does not affect Hamilton: Gibson v. Brown, 24 S. W. Rep., 574.

No briefs for appellee have been received.

KEY, ASSOCIATE JUSTICE.— Opinion.—Although the land had formerly been sold by D. C. Freeman and by mesne conveyances conveyed to Robert S. Ingram, the deceased husband of Mrs. Ingram and father of the other appellees, Freeman and wife subsequently recovered it from said Ingrams by a judgment rendered by the District Court of McLennan County. And appellant having thereafter acquired the legal title from Freeman, is entitled to recover the land, unless appellees can show such facts as would entitle them to have the judgment set aside, in a suit brought against Freeman for that purpose, and also show that when appellant bought he had notice of their rights. This they attempted to do by making Freeman and wife parties defendant, charging fraud and mistake in the judgment and notice on the part of appellant.

On the trial Mrs. Ingram proved that she was in actual possession of the land when appellant bought it from Freeman, but offered no other proof tending to show that appellant had notice of their rights. It was shown, however, that when appellant bought, a lease contract was on record in the county where the land is situated, executed by Mrs. Ingram, leasing a tract of land, including the land in controversy, from D. C. Freeman. The apparent effect of said lease was to make Mrs. Ingram Freeman's tenant, and to destroy the effect of her possession as notice of her right to the land, as against Freeman; and to prevent this result, appellees alleged and offered evidence tending to prove that the lease was procured by fraud on the part of Freeman. It was not denied that Mrs. Ingram signed the lease contract, and there was nothing on record to indicate that it had been procured by fraud, nor was there any evidence tending to show that appellant had any notice of such fraud. Such being the facts, we think, in so far as it affects the question of notice to appellant resulting from Mrs. Ingram's possession of

the land, the lease was binding on her. If she was induced to sign the lease by Freeman's representations that it did not include the land in controversy, it was not absolutely void, like a forged instrument, but was merely voidable as between Mrs. Ingram and Freeman, or any one holding under him with notice of the fraud. The fraud relied on to prevent the lease contract from having its ordinary effect results from statements privately made to Mrs. Ingram by Freeman's agents, but for which statements appellant is no wise responsible. Eylar v. Eylar, 60 Texas, 315; Hurt v. Cooper, 63 Texas, 363; Hoffman v. Blume, 64 Texas, 335. Mrs. Ingram having signed the lease contract, and it having been duly recorded, according to the above authorities, appellant had the right to deal with Freeman on the assumption that Mrs. Ingram was in possession as his tenant.

According to Mrs. Ingram's testimony, she trusted in Freeman and accepted his statement as to the land embraced in the lease contract; but the fact remains that she signed it, thereby enabling Freeman to place on record a written instrument which informed all persons dealing with Freeman that she held the land in controversy as his tenant. And such being the case, and Hamilton not being in fault, unless he had notice of the fraud by which the lease was procured, or of its repudiation, or did not pay a valuable consideration for the land, he is entitled to protection as an innocent purchaser.

The charge of the court and the verdict of the jury were not in harmony with this ruling, for which reason the judgment must be reversed.

On the other questions presented we rule against the appellant, except on the contention that the evidence does not support either the charge of fraud or mistake; and on that subject we express no opinion.

The judgment is reversed and the cause remanded.

Decided May 13, 1896.                    *Reversed and remanded.*