Gulf, Colorado & Santa Fe Railway Company v.
Mrs. Lizzie Howard et al.

No. 1215. Decided June 4, 1903.

Contributory Negligence—Burden of Proof—Charge.

A charge that the burden was on defendant to prove the material allegations
of its defense of contributory negligence was not misleading when taken in con-
nection with more specific charges to return a verdict for defendant if they
found from the evidence (which necessarily required consideration of that in-
troduced by plaintiff as well as by defendant) that plaintiff was guilty of con-
tributory negligence.   (Pp. 583-586.)

Question certified from the Court of Civil Appeals for the Third
District, in an appeal from Bell County.

J. W. Terry and A. H. Culwell, for appellant.—The court erred in
giving the sixth section of its charge, which is as follows: "The bur-
den is on the plaintiffs to prove the material allegations of their peti-
tion and on the defendant to prove the material allegations of its de-
fense of alleged contributory negligence on the part of the deceased."

Where the issue of contributory negligence is raised by the evidence
offered by the plaintiffs, it is error to charge that the burden of proof of
contributory negligence was on defendant, and such issue was raised by
the evidence offered on behalf of the plaintiff herein.   Such charge was
calculated to cause the jury to believe that in considering this issue they
were not entitled to consider the evidence offered by plaintiff.   Gulf, C.
& S. F. Railway Co. v. Hill, 4 Texas Ct. Rep., 799, 69 S. W. Rep., 136,
95 Texas, 629; Texas & P. Railway Co. v. Geiger, 79 Texas, 21; St.
Louis S. W. Railway Co. v. Martin, 63 S. W. Rep., 1089, 26 Texas Civ.
App., 231; Texas & P. Railway Co. v. Reed, 88 Texas, 439; Railway Co.
v. Lewis, 63 S. W. Rep., 1092.

W. C. Halbert and John W. Parker, for appellees.—1.   The defendant
pleading the defense of contributory negligence, it was proper for the
court to charge the jury that the burden of proof was on the defendant
to sustain it.

2.   The fact from which the deduction of contributory negligence on
the part of the deceased was to be made being an admitted fact, namely,
the going of Howard upon the track in front of the engines and being
struck thereby, and there being no other evidence on that point, the jury
could not have been misled as contended.   No witness saw the deceased
when he went upon the track, and therefore none could testify that he
did or did not look or listen before doing so.   It seems to counsel that
where the fact from which contributory negligence is to be deduced, if it
is to be deduced at all, is an established fact, and so regarded by both
sides, as in this case, that it could not be justly claimed that a charge
on the burden of proof was misleading.   It is true, the Court of Civil
Appeals in the certificate mentions that the testimony of Hoherd, plain-

tiffs' witness, drawn out on cross-examination by appellant, and the testimony of Langford, defendant's witness, drawn out on cross-examination by appellees, was a little more specific; but certainly it will not be assumed that a jury did not give a defendant the benefit of evidence which he drew out on cross-examination of the plaintiff's witnesses, and of evidence which the plaintiff drew out on cross-examination of defendant's witnesses. Whatever theory courts may have, it is a fact well known to the actual practitioner that no evidence is so hurtful to a plaintiff as evidence beneficial to the defendant drawn out by defendant on cross-examination of plaintiff's witnesses.

3. The appellant plead the defense of contributory negligence, and the Court of Civil Appeals held there was evidence tending to sustain the defense. It was not, therefore, abstract error to charge on the burden of proof, because the burden of proof is on the defendant to sustain the defenses which it is necessary to plead, and a defense of contributory negligence, to be available, must be plead. The charge not being abstractly wrong, it can only be held to be erroneous provided it was calculated to mislead the jury. Appellees contend that it did not have that effect, because of paragraph 4 of the court's main charge, quoted above, and the special charge given at the request of defendant, quoted above.

The charge on burden of proof did not tell the jury to disregard the plaintiff's evidence, and the general and special charges submitted the issue to the jury for their determination under all the evidence.

4. The charge on the burden of proof being abstractly a correct statement of the law, if it was calculated to mislead the jury for any reason, it was incumbent on the defendant to request a special charge confining the charge within proper limits. Especially should this be so in a case of this sort where the defendant requested a special charge submitting the very facts alleged as constituting the defense of contributory negligence. If it feared the jury would not consider all the evidence on the issue, it should have asked in the special charge that they be told to do so.

BROWN, Associate Justice.—Certified question from the Court of Civil Appeals of the Third Supreme Judicial District as follows:

"At a former day of this term the Court of Civil Appeals reversed and remanded this case, because it was of opinion that the trial court's charge on the burden of proof was misleading. Authorities in support of our view on that question are cited in our opinion, a copy of which is hereto attached and made a part hereof. In addition to those there cited, we refer to the case of Stooksbury v. Swan, 85 Texas, 563. The case is now pending in this court on a motion for rehearing, and we desire to certify for decision the question referred to.

"It is contended in the motion for rehearing that all the facts were established by witnesses on both sides, and there being no controversy about the facts from which contributory negligence was to be adduced, if found at all, the contention is that the jury could not have been misled by the charge on the burden of proof. It is true that most of the

facts upon which appellant's contention of contributory negligence is founded were proved by both sides, but the testimony given by the plaintiff's witness Hoherd, as stated on the fifth page of our opinion, went further and was more specific in support of the theory that Hoherd and his associate Langford worked under the control and direction of the roundhouse foreman and that the latter was superior in authority to Howard, than any testimony given by any other witness.

"We deem it proper, however, to explain that the testimony referred to was given by Hoherd while being cross-examined by the defendant; but if for that reason it follows that the jury understood it as evidence submitted by the defendant, then the rule cuts the other way when applied to certain testimony given by the defendant's witness Lee Langford, while being cross-examined by the plaintiffs. During his cross-examination, Langford testified: 'Hoherd was assistant hostler. Sometimes the assistant hostler would spot engines for water. He sometimes moved engines into the roundhouse. It was against the hostler's rules for the assistant hostler to move engines. It usually caused trouble.' There was no other testimony tending to show that on former occasions Hoherd had moved engines into the roundhouse in disobedience of the rules and regulations; and if the testimony given by Hoherd in reference to receiving orders from the roundhouse foreman is to be regarded as evidence of the defendant, because drawn out on cross-examination, then the testimony given by Langford, as quoted above, must, for the same reason, be regarded as plaintiffs' testimony.

"The testimony referred to is believed to be important, because the circumstances indicate that Howard had knowledge of the facts testified to by Hoherd and Langford, as stated above; and therefore, by considering such testimony, the jury might conclude that Howard had no right to assume that the engines would not be moved before he reached them, and should have been on the lookout to ascertain if they were moving. The other facts relating to the question of contributory negligence were proved by witnesses on both sides and were uncontroverted.

"We deem it proper to further add that the court specifically submitted to the jury the question of contributory negligence in the main charge, and in a special charge requested by the defendant. The main charge on that subject reads as follows:

"'4. You will also find a verdict for the defendant company if you believe from a preponderance of the evidence that the said J. D. Howard in going upon the track before the said engines, if he did, failed to use ordinary care, as hereinbefore defined to you, and on that account was struck and killed, you will find a verdict for defendant company, or if you believe from the evidence that the deceased was attempting to mount said engine or tenders and on that account sustained the injuries which caused his death, you will likewise find for defendant company.'

"The charge requested by the defendant and given by the court reads as follows: 'If you believe from the evidence that at the time he was killed the deceased was on the railroad track, or after he entered thereon,

had looked or listened for the engine or engines he would have discovered the presence or the approach of the same in time to have either remained off the railroad track or to have gotten off the same without injury to himself; and if you further believe from the evidence that a man of ordinary care and prudence, under the same or similar circumstances would have so looked or listened, and that, in any of the particulars herein mentioned, the said Howard failed to exercise such care and caution for his own protection as would have been exercised by a person of ordinary prudence under the circumstances, and that such failure caused or contributed to his death,—that is, that but for the same his death would not have happened, then you are instructed to find a verdict for the defendant.'

"The court's charge on the burden of proof is set out in our opinion, a copy of which is attached. We understand the Supreme Court to hold that it is not error to charge on burden of proof when the charge is so framed as not to be misleading. Chittim & Parr v. Martinez, 94 Texas, 141.

"With the foregoing statement and explanation, the Court of Civil Appeals for the Third District certifies to the Supreme Court for decision this question:

"'Did we rule corerctly in holding that the charge of the trial court on the burden of proof was misleading and constituted reversible error?'"

Answer. The charge of the court on the burden of proof of contributory negligence, when taken in connection with the charges set out in this certificate, was not calculated to mislead the jury.

The fourth clause of the charge given by the court embraced two acts alleged by defendant to have been negligently done by the deceased that contributed proximately to his death. The court charged the jury that, if they found from a preponderance of the evidence that either of said acts had been done by the deceased and that he was guilty of negligence as defined in the charge, then they would find for the defendant. To obey this charge in determining the question of contributory negligence the jury must necessarily have considered all of the testimony introduced upon the subject of contributory negligence by both the plaintiff and defendant, for in no other way could the preponderance of the testimony upon that issue be determined. In addition to this, the court, at the request of the defendant, gave the charge stated in the certificate upon the subject of contributory negligence in which the language was used, "If you believe from the evidence," etc. The words "the evidence" embrace all the evidence of both parties and the effect was to submit that issue to the jury, not upon the evidence offered by the one side nor the other, but upon all the evidence. Considering the charges given upon the specific issue of contributory negligence the jury could not have reasonably understood that any testimony which was introduced by either party tending to prove negligence on the part of the deceased could be rejected from their consideration, or that they would be confined in determining the question to any part of the evidence. The general terms of

the charge upon contributory negligence, whereby the formal statement of the burden of proof resting upon each one of the parties was made, must have had much less force and effect upon the minds of the jurors than the clear, direct and specific charges on the very issue itself.