KELLY v. BLAKENEY.   (No. 5380.)†

(Court of Civil Appeals of Texas. San Antonio. Jan. 6, 1915. On Motion for Rehearing Jan. 27, 1915.)

1. VENDOR AND PURCHASER (§ 232*)—BONA FIDE PURCHASER—NOTICE—POSSESSION.

Where plaintiff purchased from a lessor, after ascertaining from the records that the lessor's title was unincumbered, except by a lease to defendant, who was in possession, and after the lessor had denied making any other conveyance, plaintiff was not chargeable with notice of the lessor's deed to the lessee, which was· not recorded till after plaintiff's.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 540–545, 548–562; Dec. Dig. § 232.*]

2. ADVERSE POSSESSION (§ 60*)—REQUISITES.

Where one takes possession of the land of another under license, his holding will not become adverse to the owner without some open and hostile act on his part to evidence his claim of adverse possession.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 282–312, 323, 328; Dec. Dig. § 60.*]

Appeal from District Court, Val Verde County; W. C. Douglas, Judge.

Action of trespass to try title by J. B. Blakeney against John Kelly. From a judg-

ment for plaintiff, defendant appeals. Affirmed.

J. Q. Henry and Jones & Thurmond, all of Del Rio, for appellant. James Cornell, of Sonora, and John J. Foster, of Del Rio, for appellee.

FLY, C. J. This is an action of trespass to try title to recover eight sections of school lands in Val Verde county, instituted by appellee against appellant. The latter answered by general denial, general demurrer, and a plea of not guilty. The cause was tried without a jury, and resulted in a judgment for appellee for the land in controversy.

It was agreed by the parties that Juan Antonio Urteaga was the common source. On June 28, 1909, he leased all the land, except a one-fourth interest in section 54, to Kelly & Norris, for 20 years, and the contract of lease was duly recorded on June 29, 1909. On July 1, 1913, Urteaga conveyed the land by deed to appellant, and the same was recorded on December 5, 1913. On November 28, 1913, appellant sought an injunction to restrain appellee from using 26,240 acres of land, which included the 5,120 acres of land sued for in this case. A temporary writ of injunction was granted.

On December 3, 1913, Urteaga and wife conveyed the land in controversy to appellee, and the deed was filed for record on same date. At that time, and prior thereto, the land was in an inclosure of appellant, together with about 42 other sections of land. Appellant was using the land for grazing purposes. Appellee negotiated with Urteaga for several weeks before he finally secured the conveyance to himself. He examined the records of Val Verde county, and found nothing against the land, except the 20 years' lease, and he also employed an attorney to examine the records of Val Verde county, and also to ascertain the condition of Urteaga's title in the General Land Office, and it was ascertained that the title was good. Appellee asked Urteaga, at the time of his conveyance, if he had made any other conveyance, except the lease, and was assured that he had made no other conveyance. Appellant and appellee were not on speaking terms at the time of the conveyance to appellee, and he made no inquiries of Kelly as to his claim of title, nor of any one except Urteaga and appellee's attorney.

The court concluded that it was not the duty of appellee to inquire of appellant as to any claim to the land he might have other than the lease, and further that the assertion of ownership by appellant in the injunction suit would not require any greater degree of care in making inquiry as to appellant's claim to the land than would the mere fact of possession.

[1] We think the court was correct in holding that appellee used diligence in ascertaining the nature and extent of appellant's possession. The recorded lease accounted for the possession of appellant, and appellee might reasonably conclude that, if appellant had any higher or better title, he would place the evidence of it upon the records of the county. None of the decisions cited by appellant hold to the contrary; in fact in the case of Ramires v. Smith, 94 Tex. 184, 59 S. W. 258, it is held:

"That where a possessor of land has two claims to it, one of record and the other not, the possession is not notice of the unrecorded claim; the reason being that the record furnished a sufficient answer to the inquiry excited by the possession."

The possession of appellant was not inconsistent with his tenancy under Urteaga, and there was nothing to indicate to any one that appellant was claiming title to the land. There is no statement of facts, and the findings of fact of the trial judge do not show that appellant claimed in his injunction suit to own any but a leasehold interest in the land. In order to excite inquiry, the possession of the land must be open, exclusive, and visible. It must evince a claim in his own right by the possessor. The only instrument on record showed the possession of a tenant under his landlord and served to disarm suspicion and stifle inquiry. There was no fact indicating a renunciation of the tenancy by appellant, and reason and common prudence would not require any further inquiry than the inspection of the record. That inspection was made by appellee and inquiries made of the record owner of the land as to whether he had made any other conveyance than the lease for 20 years.

[2] It is the well-established rule that, where a person takes possession of the land of another with his permission, his holding the same will not become adverse to the owner without some open, hostile act clearly indicating a claim adverse to the owner. Carter v. La Grange, 60 Tex. 636; Smith v. Miller, 63 Tex. 72.

The facts in the case of Hamilton v. Ingram, 13 Tex. Civ. App. 604, 35 S. W. 748, are very similar to the facts in this case. Freeman was the owner of certain land, and sold it to Hamilton. Mrs. Ingram was in possession; the only evidence of her right to possession being a recorded lease contract, signed by the owner and Mrs. Ingram. The court held:

"Mrs. Ingram having signed the lease contract, and it having been duly recorded, according to the above authorities, appellant had the right to deal with Freeman on the assumption that Mrs. Ingram was in possession as his tenant."

The authorities referred to are Eylar v. Eylar, 60 Tex. 315, Hurt v. Cooper, 63 Tex. 363, and Hoffman v. Blume, 64 Tex. 335, and they sustain the decision of the Court of Civil Appeals. As said in the Eylar Case:

"The policy of the law, as evidenced by our statutes, requires all conveyances of land or interests therein for a term longer than one year to be evidenced by writing, and, when parties place in this the most certain and enduring form the evidence of their right, they ought to be held, so far as third persons are concerned, to have therein spoken truly in respect to the title to the land to which the conveyance relates. * * * If the inquiry is prosecuted to the highest source which the law of the land declares shall exist for the determination of title, and to the source which the parties have created as the highest evidence of their respective rights, can it be true that it is further necessary to examine sources inferior and make inquiry as to whether or not there are claims, or even rights, in others not evidenced as the law requires, or otherwise the purchaser be charged with constructive notice of secret vices in the title which he buys. To so hold, we are of the opinion, would be to strike at the very foundation of the policy upon which registration laws rest."

It would make a farce of the laws as to registration, if a man could enter into possession of land under a recorded lease contract, and then secretly buy the land and withhold the deed of conveyance from record, and then claim the land as against another purchaser on the ground that he should have gone to the ostensible tenant, who would not speak to him, and inquire if he was still holding as a tenant. The duty devolved on the tenant to record his deed of conveyance and thereby notify the public that he had changed his relationship towards the land; and it was not the duty of the citizen to follow up the tenant to ascertain if he had a deed in his pocket. In the absence of some circumstance that would cause the intending buyer to suspect that the status of the tenant had been changed to that of landowner, the former was under no obligation to inquire of the tenant as to the position he occupied toward the land. The negligence, failure to comply with the law, and inattention to business of appellant cannot deprive appellee of his position of innocent purchaser of the land.

The doctrine of notice must be controlled by facts essential to its existence, as set out by Judge Williams in the case of Paris Grocer Co. v. Burks, 101 Tex. 106, 105 S. W. 174:

"But the fundamental fact essential to the application of this doctrine is that of a possession visibly that of some one who is not the person with whom the purchaser or creditor purposes to deal. He is not required to institute inquiries as to the existence of rights of which there is no evidence upon the records, unless there be some fact which he knows or should know sufficient to excite inquiry in the minds of prudent persons."

No fraud was shown to exist upon the part of appellee, and not a circumstance to indicate that he knew that appellant had purchased the land. The fact that the consideration recited in the deed to appellee may have been small was not sufficient of itself to indicate that appellee had notice of the claim of appellant. There is no evidence, however, tending to show that full value was not paid for the land.

The judgment is affirmed.

## On Motion for Rehearing.

It is not true, as stated in the motion, that one quarter section was not included in the lease contract. It was a one-fourth interest in section 54 that was not included in the lease contract, and that in an inclosure containing 40 sections of land. There was nothing in the fact that the small interest in the land was not included in the lease to put any one upon inquiry as to appellant having purchased the land. The possession that appellant had of the land was not of such character as to put the statute of limitations of 10 years in operation (articles 5677–5678, Rev. Stats.), and it is doubtful if such possession would put a person upon inquiry.

The motion is overruled.