## DALLAS LAND & LOAN CO. et al. v. SUGG. (No. 6405.)*

(Court of Civil Appeals of Texas. Austin. Feb. 1, 1922. Rehearing Denied March 1, 1922.)

1. Judgment ☞801—Burden on defendants to show conveyance by judgment debtor prior to recordation of abstract of judgment.

In an action to foreclose a judgment lien on land against grantees of judgment debtor, a prima facie case was made for plaintiff when it was shown that prior to the recordation of the abstract of judgment the property had been deeded to the judgment debtor, and it then devolved upon defendants to show that prior to such time the debtor had again conveyed it, under Rev. St. art. 5616.

2. Judgment ☞788(1)—Unrecorded deed void as to one filing abstract of judgment against grantor without notice.

Unrecorded deed by judgment debtor was void as to the judgment creditor, where he re-

corded his abstract of judgment without notice of the existence of the deed; but was not void if he had actual notice, or knowledge of such fact as would put a reasonable man upon inquiry, which, if diligently pursued, would have led to knowledge of the fact that the land did not belong to the judgment debtor, under Rev. St. art. 6824.

**3. Judgment ☜801 — Law conclusively presumes that one filing abstract of judgment knew who was in actual possession of land.**

The law conclusively presumes that a judgment creditor, recording an abstract of his judgment, knew who was in actual possession of land claimed to have been that of debtor at the time of registration, under Rev. St. art. 6824.

**4. Landlord and tenant ☜56(1)—Possession by tenant possession of owner.**

Possession by a tenant is possession by the owner.

**5. Judgment ☜788(1)—Possession under recorded instrument relieves person filing abtract of judgment from inquiry as to further right.**

A judgment creditor filing abstract of his judgment was not required to inquire of person in possession of land as to the nature of his possession, where there was a recorded instrument giving him right of possession, but could properly assume that the person in possession was claiming under the recorded instrument, and not under an unrecorded one, under Rev. St. art. 6824.

**6. Appeal and error ☜930(3)—Court presumed to have made findings in support of the judgment.**

Where issues were not propounded to jury, and were not requested to be propounded, it must be presumed on appeal that the court found such issue in such manner as to sustain the judgment, under Rev. St. art. 1985.

**7. Vendor and purchaser ☜242—Burden of proof of notice upon party claiming under unrecorded conveyance.**

The burden of proving notice of existence of an unrecorded conveyance rests upon him who claims title under such instrument, under Rev. St. art. 6824.

Appeal from District Court, Bell County; M. B. Blair, Judge.

Suit by J. D. Sugg against the Dallas Land & Loan Company and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Crane & Crane, of Dallas, for appellants. Spell, Naman & Penland, of Waco, and Tyler, Hubbard, Monteith & Dougherty, of Belton, for appellee.

### Findings of Fact.

JENKINS, J. On and prior to April 16, 1918, H. Wunderlich was the owner of a gin and lot, by deed duly recorded in Bell county. On that day he executed and delivered to W. W. Thornton a warranty deed to same. On April 18, 1918, Thornton executed and delivered to N. K. Smith a warranty deed to said gin lot. On May 13, 1919, Smith executed and delivered to J. B. Cranfill a warranty deed to same. On May 23, 1919, Cranfill executed and delivered to the Dallas Land & Loan Company a warranty deed to said lot and gin. Neither of the four deeds next above mentioned was recorded until after this suit was brought.

On May 31, 1919, Wunderlich executed to the Dallas Land & Loan Company a quitclaim deed to said lot, and the same was duly recorded in Bell county on the same day.

On November 27, 1918, appellee obtained a judgment in the district court of Bell county against the Mid-Tex Oil Mills and N. K. Smith. On August 5, 1919, appellee caused an abstract of this judgment to be duly recorded and indexed in Bell county, showing a balance due on same of $167,301.72. This suit was brought by appellee to foreclose a judgment lien on said gin lot, which appellee claimed to have secured by virtue of the record of the abstract of judgment as above stated.

Upon the trial hereof, the deed from Smith to Cranfill was adjudged to be a mortgage. No complaint is made as to this.

The Dallas Land & Loan Company is a corporation, but Cranfill owns all of the stock except a few nominal shares, and he is in effect the corporation, and has been since its organization.

The Dallas Land & Loan Company gave L. C. Crow a written lease of the gin for one year, which was filed for record July 31, 1919. Crow took actual possession of the gin as early as August 4, 1919, and operated same that season. The lease from the loan company to Crow gave him the option to purchase the gin.

The court's charge was as follows:

"You are charged that any information which was sufficient to put a prudent man upon inquiry will be regarded as notice, if it was of such a character that he might have ascertained the facts by the proper use of diligence.

"By 'actual notice' is meant knowledge actually brought home to the party to be affected by it or where he might, by the use of reasonable diligence, have informed himself of the existence of certain facts.

"Now, in view of the above instructions of the law, had the plaintiff, J. D. Sugg, been informed prior to the 5th day of August, 1919, of the execution and delivery of the deed which has been read in evidence, from N. K. Smith to J. B. Cranfill? Let your answer be 'yes' or 'no.'

"You are instructed that the burden of proof upon the issue of notice herein submitted to you is upon the defendants to prove by a preponderance of the evidence."

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The jury answered: "No."

Judgment was entered for appellee, establishing and foreclosing his lien on the lot and gin; from which judgment the appellants have perfected their appeal.

## Opinion.

Revised Statutes, art. 5616, reads as follows:

"When any judgment has been recorded and indexed, as provided in the preceding articles, it shall, from the date of such record and index, operate as a lien upon all of the real estate of the defendant situated in the county where such record and index are made, and upon all real estate which the defendant may thereafter acquire situated in said county."

It has been held that this statute, except as modified by the registration law, applies only to the interest actually owned by the party against whom the lien is sought to be established, at the time the abstract was recorded, or thereafter acquired. Blankenship v. Douglas, 26 Tex. 229, 82 Am. Dec. 608; Grace v. Wade, 45 Tex. 522.

[1] A prima facie case was made for appellee when it was shown that, prior to the recordation of the abstract of title, Wunderlich had deeded the property to Thornton, and that Thornton had deeded it to Smith. It then devolved upon appellants to show that prior to such time Smith had deeded it to Cranfill. Had this been shown, by legal evidence, plaintiff's prima facie case would have been completely met, for in such case Smith would have ben shown to have owned no interest in the land to which the lien could attach.

[2] Appellants attempted to show such fact by the introduction of a deed from Smith to Cranfill, prior to the time appellee's abstract of judgment was recorded. This would have been sufficient for such purpose, but for article 6824, R. S., which reads as follows:

"All bargains, sales and other conveyances whatever, of any land, tenements and hereditaments, whether they may be made for passing any estate of freehold of inheritance or for a term of years; and deeds of settlement upon marriage, whether land, money or other personal thing; and all deeds of trust and mortgages shall be void as to all creditors and subsequent purchasers for valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk, to be recorded as required by law; but the same as between the parties and their heirs, and as to all subsequent purchasers, with notice thereof or without valuable consideration, shall nevertheless be valid and binding."

If a deed is void as to a certain party, it is, as to such party, no deed. In law, it does not exist. This would conclusively establish appellee's right to the judgment which he obtained, but for another legal principle, namely, the deed from Smith to Cranfill is not void, if appellee had notice thereof before his abstract of judgment was recorded, or had knowledge of such fact as would put a reasonable man upon inquiry which, if diligently pursued, would have led to knowledge of the fact that the land upon which the lien is sought to be fixed did not belong to the judgment debtor.

The evidence as to whether appellee had actual knowledge of the conveyance from Smith to Cranfill prior to August 5, 1919, is conflicting. The verdict of the jury settles that issue in favor of appellee.

[3] The law conclusively presumes that appellee knew that the loan company was in actual possession of the land on August 4th, one day prior to the registration of his abstract of judgment. It is the contention of appellants that such possession, as a matter of law, made it the duty of appellee to inquire of appellants as to their claim to the land, and that it must be conclusively presumed that had such inquiry been made he would have learned of the deed from Smith to Cranfill. If this contention is correct, it was the duty of the court to peremptorily instruct the jury to return a verdict in favor of appellants, and their assignments that the court erred in refusing so to do should be sustained.

But we do not agree with such contention as applied to the facts of this case.

[4, 5] It is true that possession by a tenant is possession by the owner. Mullins v. Wimberly, 50 Tex. 457; Markley v. Martin (Tex. Civ. App.) 204 S. W. 123; Glendenning v. Bell, 70 Tex. 632, 8 S. W. 324. It is also true that possession imputes a claim of some right to such possession, the nature of which presumably may be learned by inquiring of the person in possession. But such inquiry is not in every instance necessary. Hamilton v. Ingram, 13 Tex. Civ. App. 604, 35 S. W. 748; Kelly v. Blakeney (Tex. Civ. App.) 172 S. W. 770; Hoffman v. Blume, 64 Tex. 336; Allday v. Whitaker, 66 Tex. 673, 1 S. W. 794. These decisions hold, in effect, that if a party is in possession of land under a recorded title, it may be assumed, in the absence of anything appearing to the contrary, that he is claiming under his recorded title, and in no other way; and hence a party dealing with such land is not under the duty of making any inquiry further than to consult the records, of which he is affected with constructive notice. The reason of this is that such possession being consistent with the claim as shown by the recorded instrument, the record of the same "served to disarm suspicion and stifle inquiry." In such case it is not the duty of the citizen to follow up the party in possession to ascertain if he has another conveyance, "in his pocket." Kelly v. Blakeney, supra.

In the instant case, not only did the keeping of the deeds from Wunderlich to Thornton, from Thornton to Smith, and from

Smith to Cranfill, serve to disarm the suspicion of appellee that appellants were claiming the land in any other way than under the deed from Wunderlich to the loan company, but Dr. Cranfill testified that such was his purpose in withholding these deeds from record. He ought not to be heard to complain, as his action in this regard served his purpose.

Again, the reason that possession is ordinarily notice of an unrecorded conveyance held by the party in possession is it is presumed that inquiry of such party would lead to a knowledge of the existence of such conveyance. But this presumption prevails in the absence of evidence to the contrary, and not against such evidence. Appellee did discuss with Dr. Cranfill, shortly prior to August 4, 1919, the nature of his (Cranfill's) claim to the property in controversy, and was informed by Cranfill that he claimed the same under the Wunderlich deed. Dr. Cranfill testified, in reference to this conversation with appellee, that they took more than one meal together, and rode together from Temple to Belton, and went into the matter pretty thoroughly; that he knew at that time that appellee had a judgment against Smith, and was trying to get what he could in satisfaction of the same; and that he told appellee that he claimed the gin under the deed from Wunderlich. He testified:

"Very frankly, I was anxious to get around the complications with Mr. Thornton and Mr. Smith, and get a direct chain of title to the property."

He had been informed by an attorney, not those now representing him, that a quitclaim deed from Wunderlich would give him a good title. It is obvious from his testimony that he was apprehensive that, if appellee knew that Smith had deeded this property to him, he might have a lawsuit with appellee, and for this reason he concealed from appellee the fact that Smith had deeded the property to him. There was nothing morally wrong in this action on the part of Dr. Cranfill. He was simply the victim of bad advice. Had he put the deeds from Wunderlich to Thornton, from Thornton to Smith, and from Smith to himself of record, his title would have been superior to appellee's lien herein. But as Wunderlich had no title when he executed the deed to Cranfill, it conveyed no title, and furnished no impediment to appellee's obtaining a lien on the property in controversy.

If, when the loan company took possession of the property, appellee had inquired of Dr. Cranfill (who, as we have stated, was in effect the loan company) what title he had to the property, there is no reason to believe that he would have received any information other than that which had been given him a short time before.

[6] The law in reference to notice by possession is: (a) That it must be of such a character as, under the circumstances, makes it the duty of any one contemplating securing a title to, or a lien upon, such land to inquire of the party in possession as to the nature of his claim; (b) that if he had made such inquiry, he would have ascertained the existence of an unrecorded conveyance to the party in possession. Had these issues been specifically submitted to the jury, and answered in the negative, it cannot be doubted that evidence is sufficient to have sustained such findings. It is the contention of appellee that the question propounded to the jury involved these propositions. If such is not true, as neither side requested that such issues be submitted, we must presume that the court found upon these issues in such manner as to sustain the judgment. R. S. art. 1985.

[7] Appellants assign error upon that portion of the court's charge which placed the burden of proof as to notice on appellants. Under the decisions of the Supreme Court of this state, the burden of proving notice of the existence of an unrecorded conveyance rests upon him who claims title under such instrument. Barnett v. Squyres, 93 Tex. 193, 54 S. W. 241, 77 Am. St. Rep. 854, overruling the opinion of the Court of Civil Appeals in the same case, 52 S. W. 612; reaffirmed in Turner v. Cochran, 94 Tex. 480, 61 S. W. 923; and followed by the Court of Civil Appeals in Rule v. Richards, 159 S. W. 386.

The contention of appellants is that, under the qualification announced in Ry. Co. v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538; Ry. Co. v. Reed, 88 Tex. 439, 31 S. W. 1058; and Ry. Co. v. Howard, 96 Tex. 585, 75 S. W. 805, they were relieved from the burden of proof for the reason that the uncontradicted testimony of appellee showed such notice. If possession was conclusive as to notice, this is true; but the issue here is as to whether the possession by appellants was, under the circumstances in evidence, sufficient to amount to notice that such possession was claimed under the deed from Smith to Cranfill. Upon this issue, the burden of proof was upon appellants.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.