**BROWN v. MOSS et al.**

No. 15483.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 12, 1954.

Rehearing Denied March 12, 1954.

McDonald & Anderson, and Geo. W. Anderson, Wichita Falls, for appellant.

Mock & Kee and W. E. Fitzgerald, Wichita Falls, for appellees.

RENFRO, Justice.

The appellant herein, R. J. Brown, filed suit in trespass to try title to 6.5 acres out of a tract of 7.5 acres in Wichita County. Defendants were Deal Moss, individually and as trustee for the "Church of God in Christ and Members," and David Deal and Beaulah Harris, a feme sole.

The defendant Moss, individually and as trustee, disclaimed all right to the 6.5 acres, except a certain described 2½ acres out of the southwest corner of said tract. Defendants Deal and Harris disclaimed as to all the property, claiming only to be tenants of a portion of the 2½ acres.

The case was tried before the court without a jury and judgment rendered for title and possession in appellant Brown in 4 acres but denied him recovery of the 2½ acres claimed by Moss for the Church.

No findings of fact were requested or filed.

By appropriate points of error the appellant contends, in substance, there was no evidence of probative force or insufficient evidence of notice to appellant of appellees' claim of title to the 2½ acres; that appellees did not discharge their burden of proving notice to appellant of their unrecorded claim of title; that the court erred in denying judgment to appellant

for the reason that Mrs. Roark was the record owner controlling the rent thereon, collecting the rent, rendering the property for taxes, and insuring the same, with the knowledge and consent of appellees, and that at the time appellant made a loan to Mrs. Roark, appellees did not have such open, visible, notorious and exclusive possession sufficient to put appellant on notice as to the claimed right of appellees; that the court erred in admitting in evidence the deed from the Roarks to appellees because of insufficient description; that at the time of the loan appellant was without actual knowledge of the claimed parol gift to appellees, or of such facts as would fairly and reasonably put a person of reasonable care and prudence upon inquiry as to Roark's lack of title; that there was no evidence or insufficient evidence that Moss took exclusive possession and made valuable improvements on the land; that appellant was an innocent purchaser in that he loaned his money to Mrs. Roark, relying on the fact that tenants on the property were her tenants.

As of December 24, 1943, Daniel Henry Roark and wife, Anne E. Roark, were owners of a tract of land of which the property in controversy was a part. On the above date Roark and wife executed a quitclaim deed to Reverend Deal Moss, Minister of Church of God in Christ and Members, the description reading as follows: " * * * lying in the County of Wichita, State of Texas, described as follows, to-wit: Southwest 2½ acres out of Pt. D. 6.50 acres, and 1.50 acres, Abstract 296, Scott Survey, Wichita County, Texas;" and in the following month Roark accompanied Moss to the property and pointed out to him the northwest and southwest corners, and the north and south lines of the 2½ acres attempted to be described. The 2½ acres included two little rent houses. Reverend Moss immediately started erection of a small building which he called "Faith Tabernacle." The building was completed in June of 1944 and from that time until a hail storm destroyed the roof in 1951 the congregation of the Church of God in Christ and Members

met in said building on Tuesday, Thursday and Saturday nights, Sunday mornings and Sunday nights. The building was seventeen feet wide and twenty-six feet long. It was the testimony of Moss and Mrs. Roark that the land and improvements were given to the Church by the Roarks. The "Tabernacle" was erected at a cost of $500 and was equipped with electric lights, chairs, benches and piano. After 1951 a new church building was erected on other land but Moss and his members continued to use the property in controversy. Both Roarks visited the Church frequently and were familiar with the improvements erected thereon. The quitclaim deed was not recorded until 1950. Roark died in 1945. Mrs. Roark testified that she rented the tenant houses "but I was giving it back to them all at the same time." It was in evidence that she rendered the entire 8 acres for taxes in 1949. One of the tenants testified that Brother Moss registered one of the tenant houses under Rent Control. Mrs. Roark testified that the 2½ acres were given to the Church because Mr. Roark liked Brother Moss and that she had not claimed the 2½ acres since 1943.

In December, 1946, appellant Brown inspected an 8-acre tract, of which the 6½ acres sued for in this suit is a part, with the view of making a loan to Mrs. Roark. He testified that Mrs. Roark, or somebody in one of the tenant houses, told him that the building was being used by the Church of God until they secured a place of their own. Mrs. Roark testified positively that she told appellant Brown on that occasion that the Church of God in Christ owned 2½ acres in the tract. A deed of trust subsequently executed by her, however, to secure the payment of the loan obtained from Brown purported to cover the entire 8 acres. In 1947 Mrs. Roark assigned the rents from the tenant houses to Brown, who collected them for some time, but upon Moss' hearing that appellant was collecting the rent, he demanded the return of the money so paid to appellant and directed the tenants to pay the rent thereafter to him. The rents were then paid to Moss, but for some time

preceding the trial the tenants were not paying rent to any one due to uncertainty as to their rightful landlord. Appellant sued to foreclose his lien in February, 1948, and, after foreclosure, bought the property at sheriff's sale on July 8, 1949. The Church of God in Christ was not a party to the suit and Moss testified he knew nothing of the deed of trust or the foreclosure suit. Appellant testified that when he was viewing the property "I was inquiring as to who was occupying the house next door (apparently referring to the Tabernacle), and it is my understanding from one or the other of the tenants or Mrs. Roark that the Church of God in Christ was being permitted to use the property until such time as they could get property of their own to build a church on." The assignment of rents was not made until May 24, 1947. So far as the record discloses, nothing was said between appellant and Mrs. Roark as to the ownership of the tenant houses or as to whose tenants were occupying the houses. Appellant did not make any investigation as to what rights the Church claimed by reason of its possession and did not contact Moss, Pastor of the Church.

 It is our opinion that the evidence heretofore set out is sufficient to show an executed parol gift from the Roarks to the Church. "It is well settled that, notwithstanding the requirements of the statute of frauds, a parol gift of real estate will be enforced in equity upon establishment of the fact of (1) a present gift; (2) possession under the gift, taken and held by the donee with the consent of the donor; and (3) permanent and valuable improvements made on the premises by the donee, in reliance upon the gift, with the consent or knowledge of the donor. * *" Davis v. Douglas, Tex.Com.App., 15 S.W. 2d 232, 233.

Although the building erected by the Church did not exceed $500 in cost, we are not permitted to set aside the implied finding of the trial court that such improvements were valuable and permanent and that the donors knew that said building had been erected in reliance upon their gift of the property to the Church.

By appellant's own testimony he learned that the "Tabernacle" was being used by the Church. According to Mrs. Roark's testimony, which we must assume the court found to be true, he knew that the Church owned 2½ acres in the 8-acre tract.

 Possession implies a claim of some right to such possession, the nature of which presumably may be learned by inquiry of the person in possession. As stated in Dallas Land & Loan Co. v. Sugg, Tex. Civ.App., 237 S.W. 955, 958, error refused, "The law in reference to notice by possession is: (a) That it must be of such a character as, under the circumstances, makes it the duty of any one contemplating securing a title to, or a lien upon, such land to inquire of the party in possession as to the nature of his claim; (b) that if he had made such inquiry, he would have ascertained the existence of an unrecorded conveyance to the party in possession. * * *"

 One who accepts a mortgage upon land which is in the possession of a person other than the mortgagor is charged with knowledge as to the interest of the possessor and he is held to have acquired a lien which is inferior to the possessor's estate or interest. 29 Tex.Jur., p. 865, sec. 57.

 It was held by the Supreme Court in Collum v. Sanger Bros., 98 Tex. 162, 82 S.W. 459, 460: "We think it a safe and salutary rule to require of a prospective purchaser of land to ascertain whether any other be in occupancy of it; and, if there be such possession, to go to the possessor and ascertain the nature and extent of his claim. Possession is evidence of title, and, it seems to us, that common prudence and common honesty demand this course. If so, the possession should be notice to him; and, if notice to a purchaser, it is notice to a creditor." See also Pure Oil Co. v. Swindall, Tex.Com.App., 58 S.W. 2d 7. "It is indubitably settled by the deci-

sions of this court, as a general rule, that actual possession of land by a claimant thereof is notice to a purchaser from a third person of the title of the possessor. Such possession is held to be notice because it is a fact which the purchaser must know, and which puts him upon inquiry concerning the claim of the person holding possession. * * *" Ramirez v. Smith, 94 Tex. 184, 59 S.W. 258, 260.

■. Ordinarily, notice is a question of fact which is foreclosed by the judgment of the trier of facts. It becomes a question of law only when there is no room for ordinary minds to differ as to the proper conclusion to be drawn from the evidence. O'Ferral v. Coolidge, 149 Tex. 61, 228 S.W. 2d 146.

■ Viewing only the relevant testimony which is favorable to the trial court's judgment and disregarding all that is unfavorable, as we must, we are compelled to conclude that the trial court found that appellant had actual notice that the Church owned 2½ acres out of the 8-acre tract; that he knew that the Church was occupying and using for Church purposes the small "Tabernacle" on the premises; that the "Tabernacle" was on the 2½ acres, and therefore as an ordinary, prudent man he was put on sufficient notice to inquire as to the exact location of the 2½ acres; that if he had made such inquiry of Mrs. Roark or of Reverend Moss he would have learned the small tenant houses also were located on the 2½ acres theretofore given to the Church by the Roarks.

■ The rule that a donee's possession must be exclusive is not in every instance indispensable. 21 Tex.Jur., p. 37, sec. 17; Reyes v. Escalera, Tex.Civ.App., 131 S.W. 627; Carleton-Ferguson Dry Goods Co. v. McFarland, Tex.Civ.App., 230 S.W. 208.

The evidence is undisputed that the Church, through Reverend Moss, went into possession of the 2½ acres in January, 1944. We do not find in the record any testimony as to any efforts made by appellant to ascertain who was renting or controlling the two little tenant houses at the time he viewed the premises. He refers to information obtained regarding the "Tabernacle" from one or the other of the tenants but he does not say whose tenants they were nor to whom they were paying rent. It is true that more than a year after the deed of trust was executed by Mrs. Roark she made an assignment of the rents on the two tenant buildings to appellant. Looking at the evidence of Mrs. Roark in the light most favorable to the judgment, however, we cannot say that the court's implied finding that she was managing the tenant houses as an accommodation for the Church and that she claimed no rights to same as of December, 1946, when appellant made the loan to her, was without support. It is true that some of Mrs. Roark's actions subsequent to 1946 were inconsistent with her testimony that the property was an absolute gift to the Church, but these matters, we think, go to the credibility of her testimony and not to its competency. We believe the evidence is sufficient to uphold the implied finding of the trial court that whatever rights of possession Mrs. Roark exercised over the tenant houses were subordinate to the possession of the Church.

It has been heretofore pointed out that both Mrs. Roark and her husband gave the property to the Church; both knew of the construction of the "Tabernacle"; that Mr. Roark never repudiated the gift during his lifetime and Mrs. Roark has never denied title of the Church in and to the 2½-acre tract.

■ While the deed from the Roarks to the Church was void for want of description of the land involved, it was admissible in evidence in substantiation of their claim of an unequivocal gift of the 2½-acre tract. Patterson v. Patterson, Tex. Civ.App., 27 S.W. 837.

■ Bearing in mind that the trial court was the sole judge of the credibility of the witnesses and the weight to be given their testimony and that we must consider the testimony in the light most favorable

to the judgment, we are not in position to say that the evidence in the record before us is not sufficient to uphold the implied findings of the trial court, and we therefore affirm the judgment.

Judgment of the trial court affirmed.